# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **HOLLEY J. CLARK**, | ) | CASE NO. |
| | ) | |
| *Individually and on behalf of all others similarly situated,* | ) | JUDGE |
| | ) | |
| | ) | **PLAINTIFF'S CLASS ACTION** |
| Plaintiff, | ) | **AND COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| *v.* | ) | |
| | ) | ***(Jury Demand Endorse Hereon)*** |
| **THE CLEVELAND CLINIC** | ) | |
| **FOUNDATION** | ) | |
| ***d/b/a* CLEVELAND CLINIC** | ) | |
| c/o Statutory Agent | ) | |
| CT Corporation System | ) | |
| 4400 Easton Commons Way, Suite 125 | ) | |
| Columbus, Ohio 43219 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Holley J. Clark, on behalf of herself and all others similarly situated, for her Class and Collective Action Complaint ("Complaint") against Defendant The Cleveland Clinic Foundation, *also doing business as* Cleveland Clinic (hereinafter also referred to as "Cleveland Clinic" or "Defendant"), states and alleges the following:

## INTRODUCTION

1.       The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc*., 450 U.S. 728, 739 (1981). The FLSA required Defendant Cleveland Clinic to pay all non-exempt employees at least one and one-half times their regular rate of pay for all

hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio statutory and/or common law further required the payment of overtime wages and/or contained other compensation requirements and/or penalties. *See* O.R.C. §§ 4111.03, 4111.10, 4113.15(A), 2307.60. Plaintiff brings this case on her own behalf and on behalf of those similarly situated, both under federal and state law, to redress Defendant's violations of these laws, as is more fully set forth herein.

2.      With Count One of this Complaint, Plaintiff seeks to prosecute her FLSA claims as an FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability… may be maintained against any employer … by any one or more employees for and on behalf of [herself] or themselves and other employees similarly situated… [who] gives [her] consent in writing to become such a party and such consent is filed in the court in which such action is brought" on behalf of herself and such other members of a class of persons who subsequently file consents to join the action, as is more specifically defined in paragraph 84 below (the "FLSA Collective").

3.      With Counts Two, Three, Four, and Five of this Complaint, Plaintiff brings claims as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under O.R.C. §§ 4111.03, 4111.10, 4113.15(A), 2307.60, and Ohio common law unjust enrichment, as is more specifically defined in paragraph 97 below (the "State Law Class").[1]

4.      Plaintiff, on her own behalf and on behalf of the FLSA Collective and the State Law Class, seeks compensatory, statutory, exemplary, and punitive damages, declarative and

---

[1] Some members of the FLSA Collective may also be members of the State Law Class, as both are defined hereinafter, as is the Named Plaintiff.

injunctive relief, as well as attorneys' fees, costs, and such other relief as the Court may deem just and appropriate.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.     This Court has supplemental jurisdiction over Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

7.     Venue is proper in this District and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and division, has its principal place of business in this District, and/or because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

8.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9.     Plaintiff Clark is an individual, a citizen of the United States, and a resident of the State of Ohio. Plaintiff Clark has completed an "Opt-In Consent Form," which is attached as Exhibit A to this Complaint, and which is incorporated by reference herein (providing, in part, that "I hereby authorize the filing and prosecution of claims in my name and on my behalf, to contest the failure of **THE CLEVELAND CLINIC FOUNDATION**, and/or its parents, subsidiaries, predecessors, successors, ownership, affiliated, and related entities, to pay me proper wages, including but not limited to overtime wages, under federal and/or state law.").

10.     Defendant The Cleveland Clinic Foundation, *doing business as* Cleveland Clinic, is an Ohio corporation for non-profit with its principal place of business / main campus at 9500 Euclid Ave., Cleveland, Ohio 44195.[2] According to records maintained by the Ohio Secretary of State, Defendant The Cleveland Clinic Foundation's Statutory Agent for service of process is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.[3]

11.     Defendant The Cleveland Clinic Foundation also controls the registered trade name "Cleveland Clinic."[4]

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

12.     Defendant Cleveland Clinic is a multinational healthcare provider, and represents itself as a "multispecialty academic medical center that integrates clinical and hospital care with research and education."[5] During the relevant period, Cleveland Clinic has represented itself as "one of the world's largest and best healthcare systems, with 80,642 caregivers, 23 hospitals and 276 outpatient facilities in locations around the globe,"[6] including with at least 256 locations in Ohio alone,[7] and generated $34,545,075,000 in "Economic Impact" in 2019 in the United States.[8]

---

[2] *See* https://my.clevelandclinic.org/locations/directions/231-cleveland-clinic-main-campus (last accessed Jan. 30, 2025).
[3] https://businesssearch.ohiosos.gov?=businessDetails/95560 (last accessed Jan. 30, 2025).
[4] https://businesssearch.ohiosos.gov?=businessDetails/1593540 (last accessed Jan. 30, 2025).
[5] https://my.clevelandclinic.org/about (last accessed Jan. 30, 2025).
[6] https://my.clevelandclinic.org/about/overview/who-we-are/facts-figures (last accessed Jan. 30, 2025).
[7] https://my.clevelandclinic.org/locations?q=ohio (last accessed Jan. 30, 2025).
[8] https://my.clevelandclinic.org/about/overview/who-we-are/facts-figures (last accessed Jan. 30, 2025).

13.     Defendant is an "employer" of Plaintiff, and the members of the FLSA Collective and the State Law Class, within the meaning of the FLSA, 29 U.S.C. § 203(d) and Ohio law, O.R.C. §§ 4111.03, 4111.10, 4113.15(A).

14.     Defendant utilizes non-exempt employees, including Plaintiff, and the members of the FLSA Collective and State Law Class, in furtherance of its business purposes.

15.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

16.     At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

17.     Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

18.     At all times relevant, Defendant was an employer of Plaintiff, the members of the FLSA Collective, and the State Law Class as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

### Plaintiff's and the Members of the FLSA Collective's and the State Law Class's Non-Exempt Employment Statuses with Defendant

19.     Plaintiff Clark has been employed by Defendant since approximately 2013 as a non-exempt employee, including since approximately May 2021 as a remote worker with the job title of case management assistant.

20.     Defendant classified and paid Plaintiff, as well as the members of the FLSA Collective and the State Law Class, as non-exempt employees.

21.     At all times relevant, Plaintiff and members of the FLSA Collective and the State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and Ohio law, O.R.C. §§ 4111.03, 4111.10, 4113.15(A).

22.     At all times relevant, Plaintiff and members of the FLSA Collective and the State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendant's Unlawful Failure to Pay for All Hours Worked**

23.     The FLSA and Ohio law required Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40), and/or provided other pay requirements as applicable. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10, 4113.15(A). *See* O.R.C. § 2307.60.

24.     Plaintiff and members of the FLSA Collective and the State Law Class regularly worked more than forty (40) hours in a single workweek.

25.     Although Defendant suffered and permitted Plaintiff and members of the FLSA Collective and the State Law Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and members of the FLSA Collective and the State Law Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and the members of the FLSA Collective and the State Law Class were willfully not properly paid overtime compensation for their overtime hours worked as required by the FLSA, 29 U.S.C. § 207, and Ohio law, O.R.C §§ 4111.03, 4111.10, 4113.15(A), *see* O.R.C. § 2307.60.

26.     Instead of compensating Plaintiff Clark and the members of the FLSA Collective and State Law Class at one and one-half times their regular hourly rates for hours more than

forty (40) hours per workweek, as further explained below, Defendant paid Plaintiff and the members of the FLSA Collective and the State Law Class less than one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek. Defendant shortchanged its non-exempt employees and failed to pay overtime compensation through unlawful practices that do not pay all overtime hours worked at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

27.     In addition, instead of compensating Plaintiff Clark and the members of the State Law Class for all non-overtime hours worked each workweek, as further explained below, Defendant did not pay Plaintiff and the members of the State Law Class for all non-overtime hours worked under forty (40) hours per workweek. Defendant shortchanged its non-exempt employees and failed to pay straight time, non-overtime compensation through unlawful practices that do not pay all non-overtime hours worked.

28.     Defendant consistently, willfully, and intentionally failed to pay Plaintiff and the members of the FLSA Collective and the State Law Class for all hours, including overtime hours, worked, at the statutory overtime rate required, 29 U.S.C. § 207, *see* O.R.C. §§ 4111.03, 4111.10, 4113.15(A), 2307.60, as well as failed to pay all non-overtime hours worked under forty (40) hours per workweek by Plaintiff and the members of the State Law Class.

**Defendant's Failure to Pay for All Time Worked when Plaintiff and Other Members of the FLSA Collective and the State Law Class Access and Log Into / Out of Defendant's Computer Systems, Applications, and other Systems, and Performed Other Job Duties and Activities**

29.     Plaintiff and other members of the FLSA Collective and the State Law Class were required by Defendant to perform unpaid work before clocking in each day, including but not limited to starting and logging into Defendant's computer systems, multiple software applications, and computer programs. By way of example, on a daily basis, Plaintiff Clark, and

other members of the FLSA Collective and State Law Class, was required to boot up her computer, start and log into Defendant's secured computer systems, multiple software applications, and computer programs, and ensure that each program/system is running correctly. At the beginning of their shifts and prior to being paid, Plaintiff's and other members of the FLSA Collective's and the State Law Class's computers also sometimes crashed or had other information technology ("IT") issues – which required troubleshooting and/or correspondence with supervisors, administrative personnel, and/or Defendant's IT department – which was also not compensated.

30. Booting up computers, starting and logging into Defendant's computer systems, multiple software applications, and computer programs, and ensuring that each program/system is running correctly including addressing IT issues is required by the nature of the work performed, is required by Defendant, is performed for Defendant's benefit, constitutes part of Plaintiff's and other members of the FLSA Collective's and the State Law Class's principal activities, and/or is a necessary and indispensable part of their principal activities.

31. Moreover, part of the jobs they were hired to perform included booting up computers, starting and logging into Defendant's computer systems, multiple software applications, and computer programs, and ensuring that each program/system is running correctly, and addressing IT issues as necessary. Plaintiff and other members of the FLSA Collective and the State Law Class used Defendant's computers, applications, internal systems, and other programs throughout their entire workday and necessarily required these tools to perform their jobs. Defendant could not eliminate Plaintiff's and other members of the FLSA Collective's and the State Law Class's job duties – including starting and logging into Defendant's computer systems, multiple software applications, and computer programs, and

ensuring that each program/system is running correctly including addressing IT issues – without eliminating Plaintiff's and other members of the FLSA Collective's and the State Law Class's ability to perform their jobs. Plaintiff and other members of the FLSA Collective and the State Law Class cannot perform their work without booting up computers, starting and logging into Defendant's computer systems, multiple software applications, and computer programs, and ensuring that each program/system is running correctly, as well as addressing various IT issues, such as computer crashes and troubleshooting.

32.     These activities are thus compensable as they are "integral and indispensable to the principal activities that [Plaintiff Clark and other members of the FLSA Collective and the State Law Class are] employed to perform [as these activities are an] intrinsic element of those activities and one with which [these workers] cannot dispense" if these workers are to perform their principal job activities.[9]

33.     Moreover, clear, unambiguous authority from the Department of Labor required that, for computer-based agents / specialists / representatives, "starting the computer to download work instructions, computer applications, and [accessing] work-related emails" must be paid as compensable time.[10]

34.     However, while Plaintiff Clark and other members of the FLSA Collective and the State Law Class require approximately five (5) to ten (10) minutes to complete these job duties prior to the start of their shifts every day, Defendant arbitrarily fails to count this work performed by Plaintiff and other members of the FLSA Collective and the State Law Class as hours worked.

---

[9] *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 33-34, 135 S. Ct. 513, 517 (2014).
[10] Available at https://www.dol.gov/agencies/whd/fact-sheets/64-flsa-call-centers (last accessed Jan. 30, 2025).

35.     If Plaintiff Clark and other members of the FLSA Collective and the State Law Class have not booted up their computers, started and logged into Defendant's computer systems, multiple software applications, and computer programs, and ensured that each program/system is running correctly at shift start, they will be subject to discipline, including, but not limited to, disciplinary "points," poor performance evaluations, warnings, and ultimately termination. This requires Plaintiff Clark and other members of the FLSA Collective and the State Law Class to be logged in and have  loaded all of the work-related computer systems, multiple software applications, and computer programs, prior to the start of their  shift. As a result, the only way to be ready on time, and avoid discipline, is to perform compensable work "off-the-clock," including by booting up computers, starting and logging into Defendant's computer systems, multiple software applications, and computer programs, and ensuring that each program/system is running correctly, as well as addressing IT issues, in advance of their shift starting time and without pay.

36.     Plaintiff and other members of the FLSA Collective and the State Law Class were also required by Defendant to perform unpaid work after their shift ended each day including, but not limited to, completing job duties after their last call, including sending emails, documenting calls, corresponding with supervisors, and generally performing the duties of their jobs, as well as closing and logging out of Defendant's computer systems, multiple software applications, and computer programs (hereinafter, together with the beginning of shift activities outlined in paragraphs 29-35 above, referred to as "*beginning and end of shift job duties*"). To the extent Plaintiff's and other members of the FLSA Collective's and the State Law Class's shifts ran over up to seven (7) minutes after their shift ending times, they were not paid for this time.

37.     Defendant arbitrarily failed to count the pre- and post-shift work described above and as performed by Plaintiff and other members of the FLSA Collective and the State Law Class as hours worked.

38.     Plaintiff and other members of the FLSA Collective and the State Law Class performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

39.     This unpaid work performed by Plaintiff and other members of the FLSA Collective and the State Law Class was practically ascertainable to Defendant. There is no practical administrative difficulty of recording this unpaid work.

40.     The requirement to work overtime by Plaintiff and other members of the FLSA Collective and the State Law Class, including the off the clock *beginning and end of shift job duties* described above, was unavoidable due to their job duties and instructions, and remote employees were required to work unpaid overtime hours, including the pre-shift compensable work described above, to complete their job duties. Defendant's illegal pay practices were the result of systematic and company-wide policies originating at the corporate level. Defendant's failure to compensate Plaintiff and other members of the FLSA Collective and the State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay – as a result of Defendant's failure to pay all compensable pre- and post-shift work – constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207.

41.     Moreover, and to the extent that part of their time worked was captured by Defendant's timekeeping system, Defendant has a time rounding and/or editing policy, and time manipulation practices in conformity with this policy, that led to less time paid than time worked

for Plaintiff, and for the members of the FLSA Collective and the State Law Class, at the beginning and the end of their workdays.

42.     At the beginning of their workdays, Plaintiff and the members of the FLSA Collective and the State Law Class performed the principal activities of their jobs and clocked in, as outlined in paragraphs 29-35 above, but Defendant generally did not pay them for all of their time worked. Likewise, Plaintiff Clark and the members of the FLSA Collective and the State Law Class clocked out and continued to perform compensable work at the end of their workdays, but Defendant generally did not pay them for all of their time worked, as outlined in paragraph 36 above. Instead, Defendant paid them based on incomplete, post-edited, rounded, modified, and/or inaccurate records which do not include all compensable work required by, performed for, and to the benefit of Defendant.

43.     That is, in addition to failing to pay Plaintiff and the members of the FLSA Collective and the State Law Class for all time spent performing *beginning and end of shift job duties*, Defendant further willfully manipulated both the beginning and end of shift time records as recorded in the timekeeping system of Plaintiff and the members of the FLSA Collective and the State Law Class to reflect less time worked when Defendant submitted these employees' records to payroll, resulting in less time paid than time worked.

44.     Although Defendant suffered and permitted Plaintiff and the members of the FLSA Collective and the State Law Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and the members of the FLSA Collective and the State Law Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. §§ 785.11, 785.13. Though Plaintiff and the members of the FLSA Collective and the State Law Class regularly complete tasks that are

required by Defendant, are performed for Defendant's benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities before their shift starting times (and after shift ending times), these workers are not paid for the time spent performing these tasks because Defendant unilaterally deducted this time worked, and Defendant sat back and accepted the benefits of this work without compensating them for this work, regardless of the fact that compensable work was completed. *See* 29 C.F.R. §§ 785.11, 785.13. As a result, Plaintiff and the members of the FLSA Collective and the State Law Class were not properly paid for many of their hours worked as required by the FLSA and Ohio law.

45.     In addition to failing to pay Plaintiff and the members of the FLSA Collective and the State Law Class for all *beginning and end of shift job duties*, Defendant further shortchanged Plaintiff Clark and the members of the FLSA Collective and the State Law Class and avoided paying overtime compensation through Defendant's unlawful time rounding and/or editing policy, and time manipulation practices in conformity with this policy. Defendant intentionally, knowingly, and willfully deducted time worked to reduce labor costs notwithstanding that Defendant's editing and/or rounding time manipulation policies violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

46.     Moreover, Defendant utilizes a time rounding/editing system that has been rigged in Defendant's favor and is willfully designed to pay less time work than time paid. As a result, Plaintiff Clark and the members of the FLSA Collective and the State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in,

over a period of time, the failure to pay Plaintiff Clark and the members of the FLSA Collective and the State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b), and Ohio law.

47.     Defendant's pay practices were the result of systematic and company-wide policies originating at the corporate level. Defendant's policies resulted from knowing or reckless executive decisions. Pursuant to the FLSA, 29 CFR § 785.13, Defendant Cleveland Clinic "cannot sit back and accept the benefits [of additional work completed by Plaintiff Clark and other members of the FLSA Collective and the State Law Class] without compensating for them." "Management has the power to ….[and] must make every effort to" ensure all work completed before, and after, shifts was paid in accordance with the FLSA and state law. *See id.*

48.     Defendant, through its supervisors and managers, knew that Plaintiff Clark, and the members of the FLSA Collective and the State Law Class, were working the time for which they were not paid, and thus Defendant's actions were deliberate and willful within the meaning of the FLSA, and Defendant lacked a good faith basis for its actions. Defendant knew about the overtime compensation requirements of the FLSA or acted in reckless disregard as to Defendant's obligations under the FLSA.

49.     As a result of Defendant's time manipulation and pay deprivation policies/practices, Plaintiff Clark, and the members of the FLSA Collective and the State Law Class, were not paid for all hours worked, including overtime and non-overtime hours worked. As a result of the time rounding/editing employed by Defendant, Defendant's rounding/editing practices have created a system that virtually always rounds against Plaintiff Clark, and the members of the FLSA Collective and the State Law Class, and the rounding is nearly always in Defendant's favor. The time deprivation and time rounding policies also caused Defendant to

violate the FLSA, Ohio law, and the Department of Labor regulations by docking compensable hours and pay, and thereby failing to pay for all hours suffered or permitted to work. 29 C.F.R. §§ 785.48, 785.13.

50.     The unpaid and/or deducted time worked was compensable as overtime or straight time hours worked as the work was required by Defendant; the work was performed for Defendant's benefit and constituted part of employees' principal activities; and the work was a necessary, integral, and indispensable part of their principal activities. However, it was not fully paid on a straight time regular rate basis (during non-overtime weeks), nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40) (during overtime weeks), as required by the FLSA. Although Plaintiff Clark, and the members of the FLSA Collective and the State Law Class, performed their actual, principal job duties when they begin working in the beginning of the workday, and until they stop working at the end of the workday, Defendant did not pay this time worked, which was required to be paid as hours worked under the FLSA. Had Defendant implemented time recordation and time rounding policies in compliance with the FLSA and Department of Labor regulations, Plaintiff Clark, and the members of the FLSA Collective and the State Law Class, would have been compensated for additional overtime and non-overtime hours for which they were not paid.

**Defendant's Unjust Enrichment**

51.     Furthermore, Defendant was unjustly enriched by the retention of hourly wages that were earned and that rightfully belong to Plaintiff and the State Law Class. Defendant was unjustly enriched in that it induced Plaintiff and the State Law Class to perform work for the benefit of Defendant and retained the benefit of this work without having either paid or fully paid for the same.

52.     While Defendant represented to Plaintiff and the State Law Class that they would be paid for all time spent working for, and to the benefit of, Defendant, Defendant failed to pay for all hours worked that Plaintiff and the State Law Class were entitled to be paid, including all non-overtime hours worked up to and including forty (40) hours worked each workweek during their employments.

53.     At the end of the workday and/or workweek and after the work was performed, while operating under the understanding that they would be paid the agreed, straight-time hourly rate for all non-overtime hours worked, Defendant arbitrarily and without prior notice failed to pay for all hours worked. Plaintiff and the State Law Class were ultimately not paid for all non-overtime hours worked at the straight-time hourly rates they were entitled to be paid, including as a result of Defendant's failure to pay Plaintiff and the members of the FLSA Collective and the State Law Class for all *beginning and end of shift job duties*, as well as unlawful rounding and/or editing policy, and time manipulation practices in conformity with this policy.

54.     Although Plaintiff and the State Law Class satisfied the requirements of getting paid for all non-overtime hours at the straight-time hourly rate – by virtue of working, pursuant to Defendant's policies, practices, and requirements – Plaintiff and the State Law Class were not paid for all hours worked in full as they were entitled.

55.     Defendant was unjustly enriched from Plaintiff and the State Law Class by failing and/or refusing to pay earned wages.

56.     Plaintiff and the State Law Class reasonably expected to be paid for all non-overtime hours work at the straight time hourly rates they expected to be paid.

57.     However, while Defendant knew that Plaintiff and the State Law Class worked for all the hours that improperly remain unpaid in full, Defendant nevertheless failed to pay for

all hours worked because of Defendant's improper pay deprivation and time rounding and/or editing policies, and time manipulation practices in conformity with these policies, resulting in less compensation paid than compensation earned and owed.

58.     Defendant benefited from the fruits of Plaintiff's and the State Law Class's unpaid labor. Not only did Defendant benefit from Plaintiff and the State Law Class by wrongfully retaining the actual monies that should have been paid to Plaintiff and the State Law Class as non-overtime wages, Defendant also benefited in the form of increased sales, increased profits, increased ability to compete on the price of Defendant's products and healthcare services made available to its customers, potential customers and the general public, increased revenue, increased payments/bonuses to executive employees and/or other stakeholders, increased interest, increased volume, and increased market share, by using the nonpaid wages in furtherance of its business purposes.

59.     Allowing Defendant to retain the benefits provided by Plaintiff and the State Law Class under the circumstances presented as outlined above is demonstrably unjust.

60.     As a direct and proximate result of Defendant's unjust enrichment described herein, Plaintiff and the State Law Class have been damaged in an amount to be determined at trial, including but not limited to all non-overtime hours worked by Plaintiff and the State Law Class but not paid by Defendant at their straight time hourly rates required to be paid.

## **Defendant's Record Keeping Violations**

61.     The FLSA and Ohio law required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.

62.     For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

63.     Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

64.     Upon information and belief, Defendant failed to keep complete and accurate records of all hours worked by Plaintiff and of the members of the FLSA Collective and the State Law Class for all *beginning and end of shift job duties*. To the extent that Defendant kept some records of time worked in Defendant's timekeeping system, at the time that these records were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift compensable work required by, performed for, and to the benefit of Defendant, which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and the members of the FLSA Collective and the State Law Class. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA and violated the FLSA and Ohio law record keeping requirements.

## The Willfulness of Defendant's Violations

65.     In addition to the above allegations demonstrating the willfulness of Defendant's wage violations as provided for above, Defendant knew or should have known, as a substantial employer, in accordance with its obligations under the FLSA and Ohio law, that its workers, including Plaintiff and the members of the FLSA Collective and the State Law Class, were entitled to overtime compensation under federal and state law.

66.     By denying Plaintiff, and the members of the FLSA Collective and the State Law Class, overtime compensation as required by the FLSA, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and Ohio law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA and failed to comply with them or acted in reckless disregard as to its obligations under these laws in failing to comply with them.

67.     Moreover, Defendant's overtime compensation payment, and general wage compensation payment, obligations were clearly known by Defendant, but nonetheless willfully and intentionally disregarded.

68.     For example, O.R.C. § 4111.09 provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place

in or about the premises wherein any person subject thereto is employed." As approved by the Director of Commerce, this conspicuously-placed posting includes the language: "**OVERTIME** … [a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week..."[11]

69.    In addition, federal law requires employers subject to the FLSA's wage provisions, such as Defendant, to post, and keep posted, a notice explaining the overtime provisions of the FLSA in a conspicuous place in all of their establishments so as to permit employees to readily read it, which includes the language that the employer must pay "**OVERTIME PAY**" at "[a]t least 1½ times the regular rate of pay for all hours worked over 40 in a workweek."[12]

70.    Upon information and belief, Defendant posts the notices required to be posted under both Ohio law and the FLSA which each contain language outlining Defendant's overtime compensation requirements.

71.    By complying with state and federal overtime payment notice posting requirements, but nevertheless by not paying overtime compensation as required by these overtime payment notices, Defendant indisputably knew of the overtime requirements of the FLSA, or acted in reckless disregard for whether Plaintiff and members of the FLSA Collective and State Law Class were entitled to overtime compensation. Despite Defendant's knowledge of the overtime provisions of the FLSA and Ohio law, including by physically posting notices recognizing that Defendant was required to pay overtime compensation for all overtime hours

---

[11] *See, e.g.,* https://com.ohio.gov/static/documents/2023MWPoster.pdf (emphasis original) (last accessed Jan. 30, 2025) (emphasis original).

[12] https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/minwagep.pdf (last accessed Jan. Jan. 30, 2025) (emphasis original).

worked, Defendant has, for many years, continued to fail to pay overtime wages for overtime hours worked to Plaintiff and other members of the FLSA Collective and State Law Class.

72. In addition, Defendant Cleveland Clinic's employee overtime wage compensation practices and policies, including Defendant's overtime underpayment practices and policies, have previously been challenged – on several occasions – as willful attempts to circumvent the FLSA and Ohio law, but Defendant has nevertheless continued to willfully and intentionally underpay its employees overtime compensation.

73. Only by way of example, in the matter of *Berger v. The Cleveland Clinic Foundation,* No. 1:05cv1508 (N.D. Ohio, filed May 27, 2005), Defendant Cleveland Clinic previously agreed to pay a gross total of approximately $350,000 in overtime back wages and other damages as a result of its alleged overtime underpayment practices and policies. In *Berger,* a Class and Collective Action, Defendant Cleveland Clinic was accused of violating the FLSA, including 29 C.F.R. § 785.13, the regulation cited above.[13] In *Berger,* Defendant was put on actual notice of the requirements of the FLSA, including 29 C.F.R. § 785.13, and Ohio overtime wage law, and therefore thereafter had the mental awareness of the overtime requirements of the FLSA, including those contained within 29 C.F.R. § 785.13. In *Berger,* Defendant Cleveland Clinic settled the case in which it was accused of violating the overtime provisions of the FLSA, and Ohio wage law, and agreed to pay the unpaid overtime wages that it failed to pay.

74. In addition, in the matter of *Demell v. Cleveland Clinic Foundation,* No. 1:08cv1111 (N.D. Ohio, filed May 2, 2008), Defendant settled a matter alleging that Defendant violated the FLSA when Defendant terminated an employee who "raised the issue of non-

---

[13] *Berger,* ECF #1, Compl., at PageID #4-5, ¶ 16.

payment of overtime wages and asked to be paid at a rate of time and one-half for hours worked in excess of 40."[14] In *Demell*, Cleveland Clinic eventually settled the case.

75.     Further, in the matter of *Houchins, et al., v. The Cleveland Clinic Foundation*, No. 1:10cv1159 (N.D. Ohio, originally filed on or about April 23, 2010, removed May 24, 2010), Plaintiffs alleged that Defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and the Ohio Minimum Wage Act, O.R.C. §§ 4111.01-99.[15] *Houchins* also eventually settled.

76.     Finally, in the matter of *Minor v. Cleveland Clinic Health System*, No. 1:18cv481 (N.D. Ohio, filed March 1, 2018), which also eventually settled, Plaintiff alleged that Defendant failed to pay for all hours, including overtime hours worked, in violation of the FLSA and Ohio wage law.

77.     Moreover, Defendant Cleveland Clinic is a highly sophisticated employer, the second-largest employer in Ohio "with 52,648 employees estimated to work in Ohio for the international healthcare organization" as of 2022.[16] This includes a medium-sized, in-house, legal department of "29 lawyers and an additional 50 support personnel."[17] These attorneys provide Defendant Cleveland Clinic with legal advice on a "a wide variety of areas, including… risk management…, labor and employment, and corporate compliance."[18]

78.     Defendant, a highly, legally sophisticated employer with very clear notice of federal and state overtime compensation payment requirements, given the previous suits for violations of this very federal law on numerous occasions – having thus been *repeatedly warned*

---

[14] *Demell*, ECF #1, Compl., at PageID #2, ¶ 10.
[15] *Houchins*, ECF #10, Joint Motion to Approve Settlement Agreements and Joint Stipulation to Dismiss Claims with Prejudice, at PageID #38.
[16] https://www.cleveland.com/data/2022/04/ranking-ohios-top-100-companies-for-total-employment.html (last accessed Jan. 31, 2025).
[17] https://www.law.csuohio.edu/sites/default/files/currentstudents/clevelandclinic.pdf (last accessed Jan. 31, 2025).
[18] *Id.*

for more than a decade that its overtime underpayment practices have resulted in violations of federal and state overtime law, and having agreed to pay out hundreds of thousands of dollars as a result of its overtime underpayment practices and/or policies – has nonetheless continued to willfully and intentionally underpay its employees overtime compensation.

79.     Under these circumstances, Defendant's violations of the FLSA were willful, within the meaning of the FLSA inasmuch as Defendant had actual notice of the requirements of the FLSA by virtue of earlier violations, prior settlements in numerous cases, and Defendant's agreements to pay alleged unpaid overtime wages resulting from earlier litigation.

80.     Moreover, there was no practical administrative difficulty of recording this unpaid work, and Defendant was aware of the actual hours worked by Plaintiff and the members of the FLSA Collective and the State Law Class. However, at the time that the hours worked by Plaintiff and the members of the FLSA Collective and the State Law Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted inaccurate and/or incomplete, post-edited, rounded, and modified records which do not include pre- and post-shift compensable work required by, performed for, and to the benefit of Defendant, which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and the members of the FLSA Collective and the State Law Class. Ultimately, Defendant altered hours worked records in an attempt to get around overtime pay requirements. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA.

81.     Inasmuch as Defendant's violation of the FLSA was willful within the meaning of the FLSA, Plaintiff and the members of the FLSA Collective are therefore entitled to liquidated damages equal to the amount of all unpaid overtime compensation, pursuant to 29 U.S.C. § 260.

23

82.     In addition, Plaintiff and the members the State Law Class are entitled to recovery under Ohio's law providing for recoverable damages in this civil action for damages for criminal acts, O.R.C. § 2307.60.

### FLSA COLLECTIVE OVERTIME ALLEGATIONS
### (As to COUNT ONE)

83.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

84.     Plaintiff brings this case on behalf of a group of employees of Defendant (the "FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by filing consent forms to join this action from this group of individuals:

> **All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees who worked remotely for Defendant in the United States during the period of three years preceding the commencement of this action to the present who worked forty (40) or more hours during any one workweek.[19]**

85.     Such persons are "similarly situated" with respect to Defendant's FLSA overtime violations, as to the collective group of employees identified above, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

86.     Plaintiff and the members of the FLSA Collective, having willfully been not paid at least the federal overtime wage for the overtime hours they worked for Defendant pursuant to

---

[19] Plaintiff reserves the right to amend and refine the definition of to whom she seeks to have provided with Court-authorized notice based upon further investigation and discovery.

the common policies described herein, are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and the associated decisional law. *See* 29 U.S.C. § 207.

87.     Plaintiff Clark and the members of the FLSA Collective are similarly situated because, among other reasons, Plaintiff Clark, as well as the members of the FLSA Collective, are owed approximately hundreds to thousands of overtime hours from working for Defendant and for Defendant's benefit for which they were not paid overtime compensation as a result of Defendant's failure to pay for all *beginning and end of shift job duties*, as well as a result of Defendant's time rounding and/or editing policies, and time manipulation practices in conformity with these policies, that led to less time paid than time worked.

88.     Plaintiff and the members of the FLSA Collective have been similarly affected by the FLSA overtime violations of Defendant in one or more workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal overtime wages owed.

89.     Plaintiff and the members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Plaintiff Clark and the members of the FLSA Collective are similarly situated to each other in that they are all entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

90.     Throughout her employment with Defendant, Plaintiff Clark was subjected to the same timekeeping and payroll policies and practices by Defendant that the members of the FLSA Collective were subjected to.

91.     Plaintiff is similarly situated to the members of the FLSA Collective and will prosecute this action vigorously on their behalf.

92.     Plaintiff is entitled to send notice to all potential members of the FLSA Collective pursuant to Section 216(b) of the FLSA. Identification of potential members of the FLSA Collective is readily available from the timekeeping and compensation records, including timekeeping and payroll data, maintained by Defendant. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA and decisional law.

93.     Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b) – by Court order – is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

94.     Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to potential members of the FLSA Collective is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of the statutory overtime wages.

95.     The precise size and identity of the group of potential members of the FLSA Collective are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential members of the FLSA Collective consist of approximately one thousand or more persons.

## OHIO CLASS ACTION ALLEGATIONS
### (As to COUNTS TWO, THREE, FOUR, and FIVE)

96.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 82, as if fully rewritten herein.

97.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and a group of employees of Defendant who assert claims under O.R.C. §§ 4111.03, 4111.10, 4113.15(A), and 2307.60, as well as Ohio common law unjust enrichment (referred to herein as the "State Law Class"), defined as:

> **All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees who worked remotely for Defendant in Ohio during the period of six years preceding the commencement of this action to the present.[20]**

98.     There are questions of law or fact common to the State Law Class, including, but not limited to:

> Whether Defendant denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their overtime hours worked at the overtime rates required to be paid, as well as wages for their non-overtime hours worked but not paid;

> Whether Defendant's denial of Plaintiff's and other members of the State Law Class's earned and owed compensation was a willful violation of federal and/or state law, entitling Plaintiff and other members of the State Law Class to liquidated, exemplary, punitive, and/or other damages pursuant to O.R.C. § 2307.60, O.R.C. § 4113.15, and/or common law unjust enrichment, as applicable;

> Whether Defendant's retention of the wages earned by Plaintiff and other members of the State Law Class results in inequity; and

> What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's failure to pay all compensation, including overtime and non-overtime compensation, owed when the wages were required to be paid.

---

[20] The applicable statute of limitations under O.R.C. § 2307.60 and Ohio common law unjust enrichment is six (6) years, and the applicable statute of limitations under O.R.C. §§ 4111.03, 4111.10, 4113.15(A) is two (2) years.

99.     Plaintiff's claims are typical of the claims of other members of the State Law
Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are
based on the same legal theories, as the claims of other State Law Class members.

100.    The State Law Class, outlined above, is so numerous that joinder of all class
members is impracticable. Plaintiff cannot yet state the exact number of class members but avers,
upon information and belief, that the State Law Class consists of approximately one thousand or
more persons. The number of class members, as well as their identities, are ascertainable from
the payroll and personnel records Defendant has maintained, and was required to maintain,
pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6,
516.7; Ohio Const. Art. II, § 34a.

101.    Plaintiff will fairly and adequately protect the interests of the State Law Class.
Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other
State Law Class members. Plaintiff's counsel have broad experience in handling class action
litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of
the State Law Class in this case.

102.    The questions of law or fact that are common to the State Law Class predominate
over any questions affecting only individual members. The primary questions that will determine
Defendant's liability to the State Law Class, listed above, are common to the State Law Class as
a whole, and predominate over any questions affecting only individual class members.

103.    A class action is superior to other available methods for the fair and efficient
adjudication of this controversy. Requiring State Law Class members to pursue their claims
individually would entail a host of separate suits, with concomitant duplication of costs,
attorneys' fees, and demands on court resources. Many State Law Class members' claims are

sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)
### *On Behalf of Plaintiff Clark and other Plaintiffs who Join this Action*
### *(the FLSA Collective Members) Pursuant to 29 U.S.C. § 216(b)*

104.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 95 as if fully rewritten herein.

105.    Plaintiff brings this claim for violation of the FLSA's provisions on behalf of herself and FLSA Collective Members, as previously defined.

106.    The FLSA requires that non-exempt employees are entitled to overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

107.    Plaintiff and members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

108.    Defendant did not pay overtime compensation to Plaintiff and the members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours worked.

109.    Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff and members of the FLSA Collective overtime compensation. Defendant's deliberate failure to pay all overtime compensation to Plaintiff and to the members of the FLSA Collective was neither reasonable, nor was the decision not to pay all

overtime compensation made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

110.     As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective members were injured in that they did not receive the full overtime wages due to them pursuant to the FLSA. Under 29 U.S.C. § 216(b), this entitles Plaintiff and the members of the FLSA Collective to the due overtime compensation as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT TWO**
**(Ohio Overtime Violations)**
***On Behalf of Plaintiff Clark***
***and the State Law Class Members***

111.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 82, and 96 through 103, as if fully rewritten herein.

112.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. §§ 4111.03, 4111.10, on behalf of herself and the members of the State Law Class, under the class action procedural requirements contained within Fed. R. Civ. P. 23, for the period of two (2) years preceding the commencement of this action to the present.

113.     At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. §§ 4111.03, 4111.10.

114.     Ohio law requires that "an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of

section 7 and section 13 of the 'Fair Labor Standards Act of 1938.'" O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

115.    Ohio law also provides that employers who fail to pay overtime wages in accordance with O.R.C. § 4111.03 are liable to the "employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee by the employer, and for costs and reasonable attorney's fees as may be allowed by the court." O.R.C. § 4111.10.

116.    While employed by Defendant, Plaintiff and the members of the State Law Class worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not fully paid overtime wages as outlined above.

117.    Defendant's failure to compensate overtime hours, as set forth above, violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

118.    As a result of Defendant's company-wide corporate policies and/or practices as described herein, Defendant failed to pay Plaintiff and the members of the State Law Class all overtime wages earned.

119.    Defendant's repeated, knowing failures to pay overtime wages to Plaintiff and other members of the State Law Class were violations of the Ohio overtime law, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff and other members of the State Law Class are entitled. For Defendant's violations of Ohio overtime law, Plaintiff and the members of the State Law Class have suffered and continue to suffer damages.

120.    These violations of Ohio law injured Plaintiff and the members of the State Law Class in that they did not receive wages due to them pursuant to Ohio overtime law, O.R.C. §§ 4111.03, 4111.10.

121.     Having injured Plaintiff and the members of the State Law Class, Defendant is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] and for costs and reasonable attorney's fees as may be allowed by the court " under Ohio law. O.R.C. § 4111.10.

### COUNT THREE
**(Ohio Semimonthly Timely Wage Payment Violations)**
*On Behalf of Plaintiff Clark*
*and the State Law Class Members*

122.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 82, and 96 through 103, as if fully rewritten herein.

123.     Plaintiff brings this claim for violation of Ohio law, O.R.C. § 4113.15(A), on behalf of herself and the members of the State Law Class for the period of two (2) years preceding the commencement of this action to the present.

124.     In Ohio, an employee can recover wages under O.R.C. § 4113.15(A) that were paid late for any reason.

125.     O.R.C. § 4113.15(A) required Defendant to pay "on or before the first day of each month … employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

126.     As outlined above, Defendant did not, as required by O.R.C. § 4113.15(A), on or before the first day of each month, pay all wages earned by Plaintiff and the members of the State Law Class on or before the first day of each month, the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and did not, on or before the fifteenth day of each month, pay these employees the wages earned by them during the last half of the preceding calendar month.

127.    Defendant's failure to timely pay Plaintiff and the members of the State Law Class all wages, including overtime and non-overtime wages, violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A).

128.    Plaintiff's and the members of the State Law Class's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday in violation of O.R.C. § 4113.15. By its acts and omissions described in this Complaint, Defendant has violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A), and Plaintiff and the members of the State Law Class have been injured as a result.

129.    Defendant's violations of Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A), injured Plaintiff and the members of the State Law Class in that they did not receive wages due to them in a timely fashion as required by Ohio law.

130.    Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff, and the members of the State Law Class, all wages owed in a timely fashion as required by Ohio law. Defendant's deliberate failure to timely pay all compensation owed to Plaintiff, and the members of the State Law Class, was neither reasonable, nor was the decision not to pay in accordance with O.R.C. § 4113.15(A) made in good faith. By engaging in these practices, Defendant violated Ohio law and regulations that have the force of law.

131.    As a result of Defendant's violation of Ohio law, Plaintiff and the members of the State Law Class are entitled to unpaid wages pursuant to O.R.C. § 4113.15(A).

**COUNT FOUR**
**(Civil Action for Damages for Criminal Acts)**
*On Behalf of Plaintiff Clark*
*and the State Law Class Members*

132.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 82, and

96 through 103, as if fully rewritten herein.

133.    Plaintiff brings this claim pursuant to Ohio's statue providing for Civil Violations

for Criminal Acts, O.R.C. § 2307.60, on behalf of herself and the members of the State Law

Class, for the period of six (6) years preceding the commencement of this action to the present.

134.    At all times relevant, Defendant was an entity covered by the FLSA, 29 U.S.C. §

201, *et seq.,* and Plaintiff and the members of the State Law Class have been employed by

Defendant within the meaning of the FLSA.

135.    Defendant's failure to compensate overtime hours worked "at a wage rate of one

and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in

one workweek" was a willful violation of the FLSA, 29 U.S.C. § 201, *et seq.* Defendant's failure

to timely pay Plaintiff and the members of the State Law Class all overtime wages was a willful

violation of the FLSA, 29 U.S.C. § 201, *et seq.*

136.    By its acts and omissions described in this Complaint, Defendant has willfully [21]

violated the FLSA, and Plaintiff and the members of the State Law Class have been injured as a

result. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to

recover damages in a civil action, including exemplary and punitive damages.

---

[21] 29 U.S.C. § 216(a) provides that "[a]ny person who willfully violates any of the provisions of
section 215 of this title shall upon conviction thereof be subject to a fine of not more than
$10,000, or to imprisonment for not more than six months, or both."

137.     Defendant's willful violations of federal law injured Plaintiff and the members of the State Law Class in that they did not receive wages due to them pursuant to these statutory and/or other laws and regulations.

138.     As a result of Defendant's willful violations of the FLSA, Plaintiff and the members of the State Law Class are entitled to exemplary and punitive damages pursuant to O.R.C. § 2307.60.

### COUNT FIVE
**(Unjust Enrichment)**
*On Behalf of Plaintiff Clark*
*and the State Law Class Members*

139.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 82, and 96 through 103, as if fully rewritten herein.

140.     Plaintiff brings this claim on behalf of herself and the State Law Class as a result of Defendant's suffering or permitting her and the State Law Class to work for their benefit and for not paying them non-overtime wages for all the time that they worked due to one of more of the pay policies/practices alleged above, under Ohio unjust enrichment common law, for the period of six (6) years preceding the commencement of this action to the present.

141.     As hereinabove alleged, Plaintiff and the State Law Class Members conferred a benefit upon Defendant in that Defendant received a direct monetary benefit from employees by retaining wages Plaintiff and the State Law Class were entitled to be paid. However, Plaintiff and the State Law Class were not paid the hourly rates that they were entitled to be paid for all hourly work completed as a result of Defendant's pay policies/practices.

142.     Defendant knew that it retained one or more benefits to the detriment of Plaintiff and the State Law Class in the form of unpaid wages, but nevertheless failed to pay them anyways.

143.   Defendant has been unjustly enriched at the expense of Plaintiff and the State Law Class by the retention of hourly wages that were earned and that rightfully belong to Plaintiff and the State Law Class. Defendant was unjustly enriched in that it induced Plaintiff and the State Law Class to perform work for the benefit of Defendant and inequitably retained the benefit of this work without having paid for the same.

144.   Allowing Defendant to retain the benefits provided by Plaintiff and the State Law Class – *free, unpaid labor*, including for all *beginning and end of shift job duties* – under the circumstances presented as outlined above, is demonstrably unjust. Defendant has retained the benefit of Plaintiff's and the State Law Class's services without compensating them, under circumstances in which it would be unjust and unconscionable to permit Defendant to do so.

145.   As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and other members of the State Law Class have been damaged in an amount to be determined at trial, including but not limited to all time worked by Plaintiff and other members of the State Law Class but not paid by Defendant. As a result of Defendant having been unjustly enriched, Plaintiff and the State Law Class are entitled to compensation for the value of the benefit Plaintiff and the State Law Class conferred on Defendant.

146.   Having injured Plaintiff and the State Law Class, Defendant is liable to Plaintiff and the State Law Class in the full amount of regular wages that remain unpaid, pre- and post-judgment interest as applicable, costs and reasonable attorney's fees as may be allowed by the Court, an award of damages representing Defendant's employers' share of FICA, FUTA, state employment insurance, and any other required employment taxes, and such other and further relief as provided under law.

[Plaintiff's *Prayer for Relief* follows on the next page.]

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all members of the FLSA Collective

and the State Law Class, respectfully prays that this Honorable Court:

A.   Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping (including, but not limited to, the times Plaintiff, the FLSA Collective, and State Law Class logged in/out, clocked in/out, punched in/out, and first/last accessed Defendant's computer systems, software application(s), and/or any other system or application of Defendant), time rounding, time editing, and other relevant records, necessary to determine similarly situated individuals;

B.   Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C.   Promptly issue Court-approved notice to similarly-situated persons informing them of this action, their ability to opt-in and become part of the FLSA Collective, and enabling them to opt in;

D.   Toll the statute of limitations, *freely*, for all members of the FLSA Collective, from the date that this matter was initially filed until the date on which they file consents to join;

E.   Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

F.   Enter judgment against Defendant, and in favor of Plaintiff, the FLSA Collective, and the members of the State Law Class, declaring that Defendant's activities, as alleged herein, violate the FLSA and Ohio law and enjoining Defendant from continuing to violate the FLSA and Ohio law, as well as awarding the relief set forth immediately below;

G.   Award compensatory damages to Plaintiff and the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

H.   Award Plaintiff and other members of the State Law Class all wages not timely paid pursuant to O.R.C. § 4113.15(A);

I.   Award exemplary and punitive damages under O.R.C. § 2307.60 to Plaintiff and members of the State Law Class;

J.      Award monetary relief to Plaintiff and the State Law Class in an amount sufficient to divest Defendant of the amounts gained by its unjust enrichment;

K.      Designate Plaintiff as representative of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

L.      Award Plaintiff, and the members of the FLSA Collective and the State Law Class, prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

M.      Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully Submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221      F: (440) 846-1625
11925 Pearl Rd., Suite 308
Strongsville, Ohio 44136
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*and*

Seth R. Lesser*
Christopher M. Timmel*
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com
christopher.timmel@klafterlesser.com

*Attorneys for Plaintiff, proposed FLSA Collective Action Plaintiffs, and proposed Fed. R. Civ. P. 23 Class Counsel*

\* Application to Proceed *Pro Hac Vice* to be Filed.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)
