**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **HOLLEY J. CLARK, Individually and on behalf of all others similarly situated,** | |
| Plaintiff, | Case No. 1:25-cv-00323-CAB |
| v. | Judge Christopher A. Boyko |
| **THE CLEVELAND CLINIC FOUNDATION d/b/a CLEVELAND CLINIC,** | |
| Defendant. | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Defendant The Cleveland Clinic Foundation hereby submits its answer and defenses to

Plaintiff Holley J. Clark's Class Action and Collective Action Complaint as follows:

## INTRODUCTION

1.      The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendant Cleveland Clinic to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio statutory and/or common law further required the payment of overtime wages and/or contained other compensation requirements and/or penalties. *See* O.R.C. §§ 4111.03, 4111.10, 4113.15(A), 2307.60. Plaintiff brings this case on her own behalf and on behalf of those similarly situated, both under federal and state law, to redress Defendant's violations of these laws, as is more fully set forth herein.

**ANSWER:**      The allegations in this paragraph state a legal conclusion to which no

response is required. To the extent a response is required, Defendant denies that it violated the

FLSA, and it further denies that it violated Ohio law. Defendant also denies that Plaintiff can

maintain this action on behalf of other individuals. In addition, Defendant states that the FLSA and

Ohio law provisions set forth in Paragraph 1 of the Complaint speak for themselves, and it denies

Plaintiff's characterizations of the FLSA and "Ohio statutory and/or common law." Defendant

further denies any allegation in this paragraph not specifically admitted.

2. With Count One of this Complaint, Plaintiff seeks to prosecute her FLSA claims as an FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability… may be maintained against any employer … by any one or more employees for and on behalf of [herself] or themselves and other employees similarly situated… [who] gives [her] consent in writing to become such a party and such consent is filed in the court in which such action is brought" on behalf of herself and such other members of a class of persons who subsequently file consents to join the action, as is more specifically defined in paragraph 84 below (the "FLSA Collective").

**ANSWER:** Defendant admits that Plaintiff purports to bring claims for alleged

violations of the FLSA as a collective action, but it denies that there is any factual or legal basis

for Plaintiff to proceed on a collective or class basis. Defendant denies that it violated the FLSA

in any manner. Defendant further denies any allegation in this paragraph not specifically admitted.

3. With Counts Two, Three, Four, and Five of this Complaint, Plaintiff brings claims as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under O.R.C. §§ 4111.03, 4111.10, 4113.15(A), 2307.60, and Ohio common law unjust enrichment, as is more specifically defined in paragraph 97 below (the "State Law Class").[1]

**ANSWER:** Defendant admits that Plaintiff purports to bring claims for alleged

violations of Ohio law as a class action, but denies that there is any factual or legal basis for

Plaintiff to proceed on a class basis. Moreover, Count Three of the Complaint has been dismissed,

as have the class allegations in Count Two of the Complaint. Defendant denies that it violated any

of the statutory provisions or common law allegations set forth in this paragraph. Defendant

further denies any allegation in this paragraph not specifically admitted.

---

[1] Some members of the FLSA Collective may also be members of the State Law Class, as both are defined hereinafter, as is the Named Plaintiff.

4.	Plaintiff, on her own behalf and on behalf of the FLSA Collective and the State Law Class, seeks compensatory, statutory, exemplary, and punitive damages, declarative and injunctive relief, as well as attorneys' fees, costs, and such other relief as the Court may deem just and appropriate.

**ANSWER:**	Defendant admits that Plaintiff purports to seek various types of damages, some of which are not available on the claims asserted in the Complaint. Defendant denies that Plaintiff is entitled to any damages, and it denies that that any of her claims should proceed as a class or collective action. Defendant further denies any allegation in this paragraph not specifically admitted.

## JURISDICTION AND VENUE

5.	This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

**ANSWER:**	The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that this Court has jurisdiction over Plaintiff's FLSA claim. Defendant denies any allegation in this paragraph not specifically admitted.

6.	This Court has supplemental jurisdiction over Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

**ANSWER:**	The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that this Court presently has supplemental jurisdiction over Plaintiff's remaining state law claims. Defendant denies any allegation in this paragraph not specifically admitted.

7.      Venue is proper in this District and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and division, has its principal place of business in this District, and/or because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

**ANSWER:**    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that this action is properly venued in this Court insofar as Defendant resides in this District and division and maintains its principal place of business in this District and division. Defendant denies any allegation in this paragraph not specifically admitted.

8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the cited statutes speak for themselves. Defendant denies that Plaintiff is entitled to any form of a declaratory judgment. Defendant further denies any allegation in this paragraph not specifically admitted.

## PARTIES

9.      Plaintiff Clark is an individual, a citizen of the United States, and a resident of the State of Ohio. Plaintiff Clark has completed an "Opt-In Consent Form," which is attached as Exhibit A to this Complaint, and which is incorporated by reference herein (providing, in part, that "I hereby authorize the filing and prosecution of claims in my name and on my behalf, to contest the failure of **THE CLEVELAND CLINIC FOUNDATION**, and/or its parents, subsidiaries, predecessors, successors, ownership, affiliated, and related entities, to pay me proper wages, including but not limited to overtime wages, under federal and/or state law.").

**ANSWER:**    Defendant admits, upon information and belief, that Plaintiff is an individual person and a citizen of the United States. Defendant lacks knowledge and information regarding Plaintiff's current residency status, and thus, denies any allegations regarding Plaintiff's residency status. Defendant also lacks knowledge and information regarding Plaintiff's execution

4

of an Opt-In Consent Form, and thus, denies any allegations regarding Plaintiff's completion of such a form. Defendant further denies any allegation in this paragraph not specifically admitted.

10. Defendant The Cleveland Clinic Foundation, *doing business as* Cleveland Clinic, is an Ohio corporation for non-profit with its principal place of business / main campus at 9500 Euclid Ave., Cleveland, Ohio 44195.[2] According to records maintained by the Ohio Secretary of State, Defendant The Cleveland Clinic Foundation's Statutory Agent for service of process is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.[3]

**ANSWER:** Defendant admits the allegations in this paragraph.

11. Defendant The Cleveland Clinic Foundation also controls the registered trade name "Cleveland Clinic."[4]

**ANSWER:** Defendant admits the allegations in this paragraph.

## PLAINTIFF'S ALLEGATIONS

12. Defendant Cleveland Clinic is a multinational healthcare provider, and represents itself as a "multispecialty academic medical center that integrates clinical and hospital care with research and education."[5] During the relevant period, Cleveland Clinic has represented itself as "one of the world's largest and best healthcare systems, with 80,642 caregivers, 23 hospitals and 276 outpatient facilities in locations around the globe,"[6] including with at least 256 locations in Ohio alone,[7] and generated $34,545,075,000 in "Economic Impact" in 2019 in the United States.[8]

**ANSWER:** Defendant admits that it is a multinational healthcare provider. Defendant further admits that the cited materials speak for themselves. Defendant denies any allegation in this paragraph not specifically admitted.

---

[2] *See* https://my.clevelandclinic.org/locations/directions/231-cleveland-clinic-main-campus (last accessed Jan. 30, 2025).

[3] https://businesssearch.ohiosos.gov?=businessDetails/95560 (last accessed Jan. 30, 2025).

[4] https://businesssearch.ohiosos.gov?=businessDetails/1593540 (last accessed Jan. 30, 2025).

[5] https://my.clevelandclinic.org/about (last accessed Jan. 30, 2025).

[6] https://my.clevelandclinic.org/about/overview/who-we-are/facts-figures (last accessed Jan. 30, 2025).

[7] https://my.clevelandclinic.org/locations?q=ohio (last accessed Jan. 30, 2025).

[8] https://my.clevelandclinic.org/about/overview/who-we-are/facts-figures (last accessed Jan. 30, 2025).

13.     Defendant is an "employer" of Plaintiff, and the members of the FLSA Collective and the State Law Class, within the meaning of the FLSA, 29 U.S.C. § 203(d) and Ohio law, O.R.C. §§ 4111.03, 4111.10, 4113.15(A).

**ANSWER:**     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it employs Plaintiff, and it states that the cited statutes speak for themselves. Defendant denies that this case is appropriate for class or collective action treatment, and it further denies that it employed any unidentified "members" of a putative class or collective. Defendant further denies any allegation in this paragraph not specifically admitted.

14.     Defendant utilizes non-exempt employees, including Plaintiff, and the members of the FLSA Collective and State Law Class, in furtherance of its business purposes.

**ANSWER:**     Defendant admits that it employs employees who are "non-exempt" under the FLSA. Defendant also admits that Plaintiff works for it as a non-exempt employee. Defendant further denies any allegation in this paragraph not specifically admitted.

15.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

**ANSWER:**     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the cited statute speaks for itself. Defendant denies any allegation in this paragraph not specifically admitted.

16.     At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

**ANSWER:**     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the cited statute speaks for itself. Defendant denies any allegation in this paragraph not specifically admitted.

6

17. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

**ANSWER:** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that its annual gross volume of business exceeds $500,000.00. Defendant denies any allegation in this paragraph not specifically admitted.

18. At all times relevant, Defendant was an employer of Plaintiff, the members of the FLSA Collective, and the State Law Class as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

**ANSWER:** Defendant admits that it employs Plaintiff, and that it has the power to hire and fire her, supervise her, determine her method and rate of pay, and maintain all required employment records regarding her. Defendant denies that it employed any unidentified members of a putative FLSA Collective or State Law Class. Defendant further denies any allegation in this paragraph not specifically admitted.

19. Plaintiff Clark has been employed by Defendant since approximately 2013 as a non-exempt employee, including since approximately May 2021 as a remote worker with the job title of case management assistant.

**ANSWER:** Defendant admits that it has employed Plaintiff since 2013 as a non-exempt employee. Defendant denies any allegation in this paragraph not specifically admitted.

20. Defendant classified and paid Plaintiff, as well as the members of the FLSA Collective and the State Law Class, as non-exempt employees.

**ANSWER:** Defendant admits that it has classified and pays Plaintiff as a non-exempt employee. Defendant admits that Plaintiff defines the putative FLSA Collective and State Law Class to include only non-exempt employees, but Defendant denies that this case can be certified

7

as a class or collective action. Defendant denies any allegation in this paragraph not specifically admitted.

21.     At all times relevant, Plaintiff and members of the FLSA Collective and the State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and Ohio law, O.R.C. §§ 4111.03, 4111.10, 4113.15(A).

**ANSWER:**     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it employs Plaintiff and that she is an employee of Defendant. Defendant also states that the cited statutes speak for themselves. Defendant denies that it employed any unidentified members of the putative FLSA Collective or the State Law Class. Defendant further denies any allegation in this paragraph not specifically admitted.

22.     At all times relevant, Plaintiff and members of the FLSA Collective and the State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**ANSWER:**     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it employs Plaintiff and that she is an employee of Defendant. Defendant also states that the cited statute speaks for itself. Defendant denies that it employed any members of the FLSA Collective or the State Law Class, as those terms are defined in the Complaint. Defendant further denies any allegation in this paragraph not specifically admitted.

23.     The FLSA and Ohio law required Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40), and/or provided other pay requirements as applicable. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10, 4113.15(A). *See* O.R.C. § 2307.60.

**ANSWER:**     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

24.     Plaintiff and members of the FLSA Collective and the State Law Class regularly worked more than forty (40) hours in a single workweek.

**ANSWER:**     Defendant denies the allegations in this paragraph.

25.     Although Defendant suffered and permitted Plaintiff and members of the FLSA Collective and the State Law Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and members of the FLSA Collective and the State Law Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and the members of the FLSA Collective and the State Law Class were willfully not properly paid overtime compensation for their overtime hours worked as required by the FLSA, 29 U.S.C. § 207, and Ohio law, O.R.C §§ 4111.03, 4111.10, 4113.15(A), *see* O.R.C. § 2307.60.

**ANSWER:**     Defendant denies the allegations in this paragraph.

26.     Instead of compensating Plaintiff Clark and the members of the FLSA Collective and State Law Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, as further explained below, Defendant paid Plaintiff and the members of the FLSA Collective and the State Law Class less than one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek. Defendant shortchanged its non-exempt employees and failed to pay overtime compensation through unlawful practices that do not pay all overtime hours worked at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

**ANSWER:**     Defendant denies the allegations in this paragraph.

27.     In addition, instead of compensating Plaintiff Clark and the members of the State Law Class for all non-overtime hours worked each workweek, as further explained below, Defendant did not pay Plaintiff and the members of the State Law Class for all non-overtime hours worked under forty (40) hours per workweek. Defendant shortchanged its non-exempt employees and failed to pay straight time, non-overtime compensation through unlawful practices that do not pay all non-overtime hours worked.

**ANSWER:**     Defendant denies the allegations in this paragraph.

28.     Defendant consistently, willfully, and intentionally failed to pay Plaintiff and the members of the FLSA Collective and the State Law Class for all hours, including overtime hours, worked, at the statutory overtime rate required, 29 U.S.C. § 207, *see* O.R.C. §§ 4111.03, 4111.10, 4113.15(A), 2307.60, as well as failed to pay all non-overtime hours worked under forty (40) hours per workweek by Plaintiff and the members of the State Law Class.

**ANSWER:**     Defendant denies the allegations in this paragraph.

29.     Plaintiff and other members of the FLSA Collective and the State Law Class were required by Defendant to perform unpaid work before clocking in each day, including but not limited to starting and logging into Defendant's computer systems, multiple software applications, and computer programs. By way of example, on a daily basis, Plaintiff Clark, and other members of the FLSA Collective and State Law Class, was required to boot up her computer, start and log into Defendant's secured computer systems, multiple software applications, and computer programs, and ensure that each program/system is running correctly. At the beginning of their shifts and prior to being paid, Plaintiff's and other members of the FLSA Collective's and the State Law Class's computers also sometimes crashed or had other information technology ("IT") issues – which required troubleshooting and/or correspondence with supervisors, administrative personnel, and/or Defendant's IT department – which was also not compensated.

**ANSWER:**    Defendant denies the allegations in this paragraph.

30.     Booting up computers, starting and logging into Defendant's computer systems, multiple software applications, and computer programs, and ensuring that each program/system is running correctly including addressing IT issues is required by the nature of the work performed, is required by Defendant, is performed for Defendant's benefit, constitutes part of Plaintiff's and other members of the FLSA Collective's and the State Law Class's principal activities, and/or is a necessary and indispensable part of their principal activities.

**ANSWER:**    Defendant denies the allegations in this paragraph.

31.     Moreover, part of the jobs they were hired to perform included booting up computers, starting and logging into Defendant's computer systems, multiple software applications, and computer programs, and ensuring that each program/system is running correctly, and addressing IT issues as necessary. Plaintiff and other members of the FLSA Collective and the State Law Class used Defendant's computers, applications, internal systems, and other programs throughout their entire workday and necessarily required these tools to perform their jobs. Defendant could not eliminate Plaintiff's and other members of the FLSA Collective's and the State Law Class's job duties – including starting and logging into Defendant's computer systems, multiple software applications, and computer programs, and ensuring that each program/system is running correctly including addressing IT issues – without eliminating Plaintiff's and other members of the FLSA Collective's and the State Law Class's ability to perform their jobs. Plaintiff and other members of the FLSA Collective and the State Law Class cannot perform their work without booting up computers, starting and logging into Defendant's computer systems, multiple software applications, and computer programs, and ensuring that each program/system is running correctly, as well as addressing various IT issues, such as computer crashes and troubleshooting.

**ANSWER:**    Defendant denies the allegations in this paragraph.

32.     These activities are thus compensable as they are "integral and indispensable to the principal activities that [Plaintiff Clark and other members of the FLSA Collective and the State Law Class are] employed to perform [as these activities are an] intrinsic element of those activities and one with which [these workers] cannot dispense" if these workers are to perform their principal job activities.[9]

**ANSWER:**     Defendant denies the allegations in this paragraph.

33.     Moreover, clear, unambiguous authority from the Department of Labor required that, for computer-based agents / specialists / representatives, "starting the computer to download work instructions, computer applications, and [accessing] work-related emails" must be paid as compensable time.[10]

**ANSWER:**     Defendant denies the allegations in this paragraph.

34.     However, while Plaintiff Clark and other members of the FLSA Collective and the State Law Class require approximately five (5) to ten (10) minutes to complete these job duties prior to the start of their shifts every day, Defendant arbitrarily fails to count this work performed by Plaintiff and other members of the FLSA Collective and the State Law Class as hours worked.

**ANSWER:**     Defendant denies the allegations in this paragraph.

35.     If Plaintiff Clark and other members of the FLSA Collective and the State Law Class have not booted up their computers, started and logged into Defendant's computer systems, multiple software applications, and computer programs, and ensured that each program/system is running correctly at shift start, they will be subject to discipline, including, but not limited to, disciplinary "points," poor performance evaluations, warnings, and ultimately termination. This requires Plaintiff Clark and other members of the FLSA Collective and the State Law Class to be logged in and have loaded all of the work-related computer systems, multiple software applications, and computer programs, prior to the start of their shift. As a result, the only way to be ready on time, and avoid discipline, is to perform compensable work "off-the-clock," including by booting up computers, starting and logging into Defendant's computer systems, multiple software applications, and computer programs, and ensuring that each program/system is running correctly, as well as addressing IT issues, in advance of their shift starting time and without pay.

**ANSWER:**     Defendant denies the allegations in this paragraph.

---

[9] *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 33-34, 135 S. Ct. 513, 517 (2014).

[10] Available at https://www.dol.gov/agencies/whd/fact-sheets/64-flsa-call-centers (last accessed Jan. 30, 2025).

36.     Plaintiff and other members of the FLSA Collective and the State Law Class were also required by Defendant to perform unpaid work after their shift ended each day including, but not limited to, completing job duties after their last call, including sending emails, documenting calls, corresponding with supervisors, and generally performing the duties of their jobs, as well as closing and logging out of Defendant's computer systems, multiple software applications, and computer programs (hereinafter, together with the beginning of shift activities outlined in paragraphs 29-35 above, referred to as "*beginning and end of shift job duties*"). To the extent Plaintiff's and other members of the FLSA Collective's and the State Law Class's shifts ran over up to seven (7) minutes after their shift ending times, they were not paid for this time.

**ANSWER:**     Defendant denies the allegations in this paragraph.

37.     Defendant arbitrarily failed to count the pre- and post-shift work described above and as performed by Plaintiff and other members of the FLSA Collective and the State Law Class as hours worked.

**ANSWER:**     Defendant denies the allegations in this paragraph.

38.     Plaintiff and other members of the FLSA Collective and the State Law Class performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

**ANSWER:**     Defendant denies the allegations in this paragraph.

39.     This unpaid work performed by Plaintiff and other members of the FLSA Collective and the State Law Class was practically ascertainable to Defendant. There is no practical administrative difficulty of recording this unpaid work.

**ANSWER:**     Defendant denies the allegations in this paragraph.

40.     The requirement to work overtime by Plaintiff and other members of the FLSA Collective and the State Law Class, including the off the clock *beginning and end of shift job duties* described above, was unavoidable due to their job duties and instructions, and remote employees were required to work unpaid overtime hours, including the pre-shift compensable work described above, to complete their job duties. Defendant's illegal pay practices were the result of systematic and company-wide policies originating at the corporate level. Defendant's failure to compensate Plaintiff and other members of the FLSA Collective and the State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay – as a result of Defendant's failure to pay all compensable pre- and post-shift work – constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207.

**ANSWER:**     Defendant denies the allegations in this paragraph.

41.     Moreover, and to the extent that part of their time worked was captured by Defendant's timekeeping system, Defendant has a time rounding and/or editing policy, and time manipulation practices in conformity with this policy, that led to less time paid than time worked for Plaintiff, and for the members of the FLSA Collective and the State Law Class, at the beginning and the end of their workdays.

**ANSWER:**     Defendant denies the allegations in this paragraph.

42.     At the beginning of their workdays, Plaintiff and the members of the FLSA Collective and the State Law Class performed the principal activities of their jobs and clocked in, as outlined in paragraphs 29-35 above, but Defendant generally did not pay them for all of their time worked. Likewise, Plaintiff Clark and the members of the FLSA Collective and the State Law Class clocked out and continued to perform compensable work at the end of their workdays, but Defendant generally did not pay them for all of their time worked, as outlined in paragraph 36 above. Instead, Defendant paid them based on incomplete, post-edited, rounded, modified, and/or inaccurate records which do not include all compensable work required by, performed for, and to the benefit of Defendant.

**ANSWER:**     Defendant denies the allegations in this paragraph.

43.     That is, in addition to failing to pay Plaintiff and the members of the FLSA Collective and the State Law Class for all time spent performing *beginning and end of shift job duties*, Defendant further willfully manipulated both the beginning and end of shift time records as recorded in the timekeeping system of Plaintiff and the members of the FLSA Collective and the State Law Class to reflect less time worked when Defendant submitted these employees' records to payroll, resulting in less time paid than time worked.

**ANSWER:**     Defendant denies the allegations in this paragraph.

44.     Although Defendant suffered and permitted Plaintiff and the members of the FLSA Collective and the State Law Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and the members of the FLSA Collective and the State Law Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. §§ 785.11, 785.13. Though Plaintiff and the members of the FLSA Collective and the State Law Class regularly complete tasks that are required by Defendant, are performed for Defendant's benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities before their shift starting times (and after shift ending times), these workers are not paid for the time spent performing these tasks because Defendant unilaterally deducted this time worked, and Defendant sat back and accepted the benefits of this work without compensating them for this work, regardless of the fact that compensable work was completed. *See* 29 C.F.R. §§ 785.11, 785.13. As a result, Plaintiff and the members of the FLSA Collective and the State Law Class were not properly paid for many of their hours worked as required by the FLSA and Ohio law.

**ANSWER:**     Defendant denies the allegations in this paragraph.

13

45. In addition to failing to pay Plaintiff and the members of the FLSA Collective and the State Law Class for all *beginning and end of shift job duties*, Defendant further shortchanged Plaintiff Clark and the members of the FLSA Collective and the State Law Class and avoided paying overtime compensation through Defendant's unlawful time rounding and/or editing policy, and time manipulation practices in conformity with this policy. Defendant intentionally, knowingly, and willfully deducted time worked to reduce labor costs notwithstanding that Defendant's editing and/or rounding time manipulation policies violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

**ANSWER:** Defendant denies the allegations in this paragraph.

46. Moreover, Defendant utilizes a time rounding/editing system that has been rigged in Defendant's favor and is willfully designed to pay less time work than time paid. As a result, Plaintiff Clark and the members of the FLSA Collective and the State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff Clark and the members of the FLSA Collective and the State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b), and Ohio law.

**ANSWER:** Defendant denies the allegations in this paragraph.

47. Defendant's pay practices were the result of systematic and company-wide policies originating at the corporate level. Defendant's policies resulted from knowing or reckless executive decisions. Pursuant to the FLSA, 29 CFR § 785.13, Defendant Cleveland Clinic "cannot sit back and accept the benefits [of additional work completed by Plaintiff Clark and other members of the FLSA Collective and the State Law Class] without compensating for them." "Management has the power to ….[and] must make every effort to" ensure all work completed before, and after, shifts was paid in accordance with the FLSA and state law. *See id*.

**ANSWER:** Defendant states that the cited regulation speaks for itself. Defendant

otherwise denies the allegations in this paragraph.

48. Defendant, through its supervisors and managers, knew that Plaintiff Clark, and the members of the FLSA Collective and the State Law Class, were working the time for which they were not paid, and thus Defendant's actions were deliberate and willful within the meaning of the FLSA, and Defendant lacked a good faith basis for its actions. Defendant knew about the overtime compensation requirements of the FLSA or acted in reckless disregard as to Defendant's obligations under the FLSA.

**ANSWER:** Defendant denies the allegations in this paragraph.

14

49. As a result of Defendant's time manipulation and pay deprivation policies/practices, Plaintiff Clark, and the members of the FLSA Collective and the State Law Class, were not paid for all hours worked, including overtime and non-overtime hours worked. As a result of the time rounding/editing employed by Defendant, Defendant's rounding/editing practices have created a system that virtually always rounds against Plaintiff Clark, and the members of the FLSA Collective and the State Law Class, and the rounding is nearly always in Defendant's favor. The time deprivation and time rounding policies also caused Defendant to violate the FLSA, Ohio law, and the Department of Labor regulations by docking compensable hours and pay, and thereby failing to pay for all hours suffered or permitted to work. 29 C.F.R. §§ 785.48, 785.13.

**ANSWER:** Defendant denies the allegations in this paragraph.

50. The unpaid and/or deducted time worked was compensable as overtime or straight time hours worked as the work was required by Defendant; the work was performed for Defendant's benefit and constituted part of employees' principal activities; and the work was a necessary, integral, and indispensable part of their principal activities. However, it was not fully paid on a straight time regular rate basis (during non-overtime weeks), nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40) (during overtime weeks), as required by the FLSA. Although Plaintiff Clark, and the members of the FLSA Collective and the State Law Class, performed their actual, principal job duties when they begin working in the beginning of the workday, and until they stop working at the end of the workday, Defendant did not pay this time worked, which was required to be paid as hours worked under the FLSA. Had Defendant implemented time recordation and time rounding policies in compliance with the FLSA and Department of Labor regulations, Plaintiff Clark, and the members of the FLSA Collective and the State Law Class, would have been compensated for additional overtime and non-overtime hours for which they were not paid.

**ANSWER:** Defendant denies the allegations in this paragraph.

51. Furthermore, Defendant was unjustly enriched by the retention of hourly wages that were earned and that rightfully belong to Plaintiff and the State Law Class. Defendant was unjustly enriched in that it induced Plaintiff and the State Law Class to perform work for the benefit of Defendant and retained the benefit of this work without having either paid or fully paid for the same.

**ANSWER:** Defendant denies the allegations in this paragraph.

52. While Defendant represented to Plaintiff and the State Law Class that they would be paid for all time spent working for, and to the benefit of, Defendant, Defendant failed to pay for all hours worked that Plaintiff and the State Law Class were entitled to be paid, including all non-overtime hours worked up to and including forty (40) hours worked each workweek during their employments.

**ANSWER:** Defendant denies the allegations in this paragraph.

15

53.     At the end of the workday and/or workweek and after the work was performed, while operating under the understanding that they would be paid the agreed, straight-time hourly rate for all non-overtime hours worked, Defendant arbitrarily and without prior notice failed to pay for all hours worked. Plaintiff and the State Law Class were ultimately not paid for all non-overtime hours worked at the straight-time hourly rates they were entitled to be paid, including as a result of Defendant's failure to pay Plaintiff and the members of the FLSA Collective and the State Law Class for all *beginning and end of shift job duties*, as well as unlawful rounding and/or editing policy, and time manipulation practices in conformity with this policy.

**ANSWER:**     Defendant denies the allegations in this paragraph.

54.     Although Plaintiff and the State Law Class satisfied the requirements of getting paid for all non-overtime hours at the straight-time hourly rate – by virtue of working, pursuant to Defendant's policies, practices, and requirements – Plaintiff and the State Law Class were not paid for all hours worked in full as they were entitled.

**ANSWER:**     Defendant denies the allegations in this paragraph.

55.     Defendant was unjustly enriched from Plaintiff and the State Law Class by failing and/or refusing to pay earned wages.

**ANSWER:**     Defendant denies the allegations in this paragraph.

56.     Plaintiff and the State Law Class reasonably expected to be paid for all non-overtime hours work at the straight time hourly rates they expected to be paid.

**ANSWER:**     Defendant denies the allegations in this paragraph for lack of knowledge

and information sufficient to form a belief as to the truth of those allegations.

57.     However, while Defendant knew that Plaintiff and the State Law Class worked for all the hours that improperly remain unpaid in full, Defendant nevertheless failed to pay for all hours worked because of Defendant's improper pay deprivation and time rounding and/or editing policies, and time manipulation practices in conformity with these policies, resulting in less compensation paid than compensation earned and owed.

**ANSWER:**     Defendant denies the allegations in this paragraph.

58. Defendant benefited from the fruits of Plaintiff's and the State Law Class's unpaid labor. Not only did Defendant benefit from Plaintiff and the State Law Class by wrongfully retaining the actual monies that should have been paid to Plaintiff and the State Law Class as non-overtime wages, Defendant also benefited in the form of increased sales, increased profits, increased ability to compete on the price of Defendant's products and healthcare services made available to its customers, potential customers and the general public, increased revenue, increased payments/bonuses to executive employees and/or other stakeholders, increased interest, increased volume, and increased market share, by using the nonpaid wages in furtherance of its business purposes.

**ANSWER:** Defendant denies the allegations in this paragraph.

59. Allowing Defendant to retain the benefits provided by Plaintiff and the State Law Class under the circumstances presented as outlined above is demonstrably unjust.

**ANSWER:** Defendant denies the allegations in this paragraph.

60. As a direct and proximate result of Defendant's unjust enrichment described herein, Plaintiff and the State Law Class have been damaged in an amount to be determined at trial, including but not limited to all non-overtime hours worked by Plaintiff and the State Law Class but not paid by Defendant at their straight time hourly rates required to be paid.

**ANSWER:** Defendant denies the allegations in this paragraph.

61. The FLSA and Ohio law required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.

**ANSWER:** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the statutory, regulatory, and constitutional provisions cited by Plaintiff speak for themselves. Defendant denies any allegation in this paragraph not specifically admitted.

62. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

**ANSWER:** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the regulatory

17

provision cited by Plaintiff speaks for itself. Defendant denies any allegation in this paragraph not specifically admitted.

63.     Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

**ANSWER:**     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the constitutional provision cited by Plaintiff speaks for itself. Defendant denies any allegation in this paragraph not specifically admitted.

64.     Upon information and belief, Defendant failed to keep complete and accurate records of all hours worked by Plaintiff and of the members of the FLSA Collective and the State Law Class for all *beginning and end of shift job duties*. To the extent that Defendant kept some records of time worked in Defendant's timekeeping system, at the time that these records were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift compensable work required by, performed for, and to the benefit of Defendant, which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and the members of the FLSA Collective and the State Law Class. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA and violated the FLSA and Ohio law record keeping requirements.

**ANSWER:**     Defendant denies the allegations in this paragraph.

65.     In addition to the above allegations demonstrating the willfulness of Defendant's wage violations as provided for above, Defendant knew or should have known, as a substantial employer, in accordance with its obligations under the FLSA and Ohio law, that its workers, including Plaintiff and the members of the FLSA Collective and the State Law Class, were entitled to overtime compensation under federal and state law.

**ANSWER:**     Defendant admits that it was aware of its overtime obligations under the FLSA and Ohio law, and it asserts that it complied with all such obligations. Defendant denies the remaining allegations in this paragraph.

66.     By denying Plaintiff, and the members of the FLSA Collective and the State Law Class, overtime compensation as required by the FLSA, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and Ohio law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA and failed to comply with them or acted in reckless disregard as to its obligations under these laws in failing to comply with them.

**ANSWER:**    Defendant admits that it was aware of its overtime obligations under the FLSA and Ohio law, and it asserts that it complied with all such obligations. Defendant denies the remaining allegations in this paragraph.

67.     Moreover, Defendant's overtime compensation payment, and general wage compensation payment, obligations were clearly known by Defendant, but nonetheless willfully and intentionally disregarded.

**ANSWER:**    Defendant denies the allegations in this paragraph.

68.     For example, O.R.C. § 4111.09 provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the Director of Commerce, this conspicuously-placed posting includes the language: "**OVERTIME** … [a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week..."[11]

**ANSWER:**    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the statutory provision cited by Plaintiff speaks for itself. Defendant denies any allegation in this paragraph not specifically admitted.

---

[11] *See, e.g.*, https://com.ohio.gov/static/documents/2023MWPoster.pdf (emphasis original) (last accessed Jan. 30, 2025) (emphasis original).

69.     In addition, federal law requires employers subject to the FLSA's wage provisions, such as Defendant, to post, and keep posted, a notice explaining the overtime provisions of the FLSA in a conspicuous place in all of their establishments so as to permit employees to readily read it, which includes the language that the employer must pay "**OVERTIME PAY**" at "[a]t least 1½ times the regular rate of pay for all hours worked over 40 in a workweek."[12]

**ANSWER:**     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the FLSA speaks for itself.  Defendant denies any allegation in this paragraph not specifically admitted.

70.     Upon information and belief, Defendant posts the notices required to be posted under both Ohio law and the FLSA which each contain language outlining Defendant's overtime compensation requirements.

**ANSWER:**     Defendant admits that it posts all notices relating to overtime required under federal and state law. Defendant denies the remaining allegations in this paragraph.

71.     By complying with state and federal overtime payment notice posting requirements, but nevertheless by not paying overtime compensation as required by these overtime payment notices, Defendant indisputably knew of the overtime requirements of the FLSA, or acted in reckless disregard for whether Plaintiff and members of the FLSA Collective and State Law Class were entitled to overtime compensation. Despite Defendant's knowledge of the overtime provisions of the FLSA and Ohio law, including by physically posting notices recognizing that Defendant was required to pay overtime compensation for all overtime hours worked, Defendant has, for many years, continued to fail to pay overtime wages for overtime hours worked to Plaintiff and other members of the FLSA Collective and State Law Class.

**ANSWER:**     Defendant denies the allegations in this paragraph.

72.     In addition, Defendant Cleveland Clinic's employee overtime wage compensation practices and policies, including Defendant's overtime underpayment practices and policies, have previously been challenged – on several occasions – as willful attempts to circumvent the FLSA and Ohio law, but Defendant has nevertheless continued to willfully and intentionally underpay its employees overtime compensation.

**ANSWER:**     Defendant denies the allegations in this paragraph.

---

[12]  https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/minwagep.pdf (last accessed Jan. Jan. 30, 2025) (emphasis original).

73.     Only by way of example, in the matter of *Berger v. The Cleveland Clinic Foundation*, No. 1:05cv1508 (N.D. Ohio, filed May 27, 2005), Defendant Cleveland Clinic previously agreed to pay a gross total of approximately $350,000 in overtime back wages and other damages as a result of its alleged overtime underpayment practices and policies. In *Berger*, a Class and Collective Action, Defendant Cleveland Clinic was accused of violating the FLSA, including 29 C.F.R. § 785.13, the regulation cited above.[13] In *Berger*, Defendant was put on actual notice of the requirements of the FLSA, including 29 C.F.R. § 785.13, and Ohio overtime wage law, and therefore thereafter had the mental awareness of the overtime requirements of the FLSA, including those contained within 29 C.F.R. § 785.13. In *Berger*, Defendant Cleveland Clinic settled the case in which it was accused of violating the overtime provisions of the FLSA, and Ohio wage law, and agreed to pay the unpaid overtime wages that it failed to pay.

**ANSWER:**     The publicly filed pleadings and filings in the cited lawsuit, which are completely unrelated to the claims in this case, speak for themselves. Defendant denies any allegation in this paragraph not specifically admitted.

74.     In addition, in the matter of *Demell v. Cleveland Clinic Foundation*, No. 1:08cv1111 (N.D. Ohio, filed May 2, 2008), Defendant settled a matter alleging that Defendant violated the FLSA when Defendant terminated an employee who "raised the issue of non-payment of overtime wages and asked to be paid at a rate of time and one -half for hours worked in excess of 40."[14] In *Demell*, Cleveland Clinic eventually settled the case.

**ANSWER:**     The publicly filed pleadings and filings in the cited lawsuit, which are completely unrelated to the claims in this case, speak for themselves. Defendant denies any allegation in this paragraph not specifically admitted.

75.     Further, in the matter of *Houchins, et al., v. The Cleveland Clinic Foundation*, No. 1:10cv1159 (N.D. Ohio, originally filed on or about April 23, 2010, removed May 24, 2010), Plaintiffs alleged that Defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and the Ohio Minimum Wage Act, O.R.C. §§ 4111.01-99.[15] *Houchins* also eventually settled.

**ANSWER:**     The publicly filed pleadings and filings in the cited lawsuit, which are completely unrelated to the claims in this case, speak for themselves. Defendant denies any allegation in this paragraph not specifically admitted.

---

[13] *Berger*, ECF #1, Compl., at PageID #4-5, ¶ 16.

[14] *Demell*, ECF #1, Compl., at PageID #2, ¶ 10.

[15] *Houchins*, ECF #10, Joint Motion to Approve Settlement Agreements and Joint Stipulation to Dismiss Claims with Prejudice, at PageID #38.

21

76.     Finally, in the matter of *Minor v. Cleveland Clinic Health System*, No. 1:18cv481 (N.D. Ohio, filed March 1, 2018), which also eventually settled, Plaintiff alleged that Defendant failed to pay for all hours, including overtime hours worked, in violation of the FLSA and Ohio wage law.

**ANSWER:**     The publicly filed pleadings and filings in the cited lawsuit, which are completely unrelated to the claims in this case, speak for themselves. Defendant denies any allegation in this paragraph not specifically admitted.

77.     Moreover, Defendant Cleveland Clinic is a highly sophisticated employer, the second-largest employer in Ohio "with 52,648 employees estimated to work in Ohio for the international healthcare organization" as of 2022.[16] This includes a medium-sized, in-house, legal department of "29 lawyers and an additional 50 support personnel."[17] These attorneys provide Defendant Cleveland Clinic with legal advice on a "a wide variety of areas, including… risk management…, labor and employment, and corporate compliance."[18]

**ANSWER:**     Defendant admits that the cited publications speak for themselves. Defendant denies any allegation in this paragraph not specifically admitted.

78.     Defendant, a highly, legally sophisticated employer with very clear notice of federal and state overtime compensation payment requirements, given the previous suits for violations of this very federal law on numerous occasions – having thus been *repeatedly warned* for more than a decade that its overtime underpayment practices have resulted in violations of federal and state overtime law, and having agreed to pay out hundreds of thousands of dollars as a result of its overtime underpayment practices and/or policies – has nonetheless continued to willfully and intentionally underpay its employees overtime compensation.

**ANSWER:**     Defendant admits that it was aware of its overtime obligations under the FLSA and Ohio law, and it asserts that it complied with all such obligations. Defendant denies the remaining allegations in this paragraph.

---

[16]     https://www.cleveland.com/data/2022/04/ranking-ohios-top-100-companies-for-total-employment.html (last accessed Jan. 31, 2025).

[17] https://www.law.csuohio.edu/sites/default/files/currentstudents/clevelandclinic.pdf (last accessed Jan. 31, 2025).
[18] *Id.*

22

79.     Under these circumstances, Defendant's violations of the FLSA were willful, within the meaning of the FLSA inasmuch as Defendant had actual notice of the requirements of the FLSA by virtue of earlier violations, prior settlements in numerous cases, and Defendant's agreements to pay alleged unpaid overtime wages resulting from earlier litigation.

**ANSWER:**     Defendant denies the allegations in this paragraph.

80.     Moreover, there was no practical administrative difficulty of recording this unpaid work, and Defendant was aware of the actual hours worked by Plaintiff and the members of the FLSA Collective and the State Law Class. However, at the time that the hours worked by Plaintiff and the members of the FLSA Collective and the State Law Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted inaccurate and/or incomplete, post-edited, rounded, and modified records which do not include pre- and post-shift compensable work required by, performed for, and to the benefit of Defendant, which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and the members of the FLSA Collective and the State Law Class. Ultimately, Defendant altered hours worked records in an attempt to get around overtime pay requirements. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA.

**ANSWER:**     Defendant denies the allegations in this paragraph.

81.     Inasmuch as Defendant's violation of the FLSA was willful within the meaning of the FLSA, Plaintiff and the members of the FLSA Collective are therefore entitled to liquidated damages equal to the amount of all unpaid overtime compensation, pursuant to 29 U.S.C. § 260.

**ANSWER:**     Defendant denies the allegations in this paragraph.

82.     In addition, Plaintiff and the members the State Law Class are entitled to recovery under Ohio's law providing for recoverable damages in this civil action for damages for criminal acts, O.R.C. § 2307.60.

**ANSWER:**     Defendant denies the allegations in this paragraph.

<u>**PLAINTIFF'S FLSA COLLECTIVE OVERTIME ALLEGATIONS**</u>
<u>**(As to COUNT ONE)**</u>

83.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

**ANSWER:**     Defendant incorporates its responses to the forgoing paragraphs as if fully set forth herein.

23

84. Plaintiff brings this case on behalf of a group of employees of Defendant (the "FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by filing consent forms to join this action from this group of individuals:

**All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees who worked remotely for Defendant in the United States during the period of three years preceding the commencement of this action to the present who worked forty (40) or more hours during any one workweek.**

**ANSWER:** Defendant admits that Plaintiff purports to bring claims for alleged violations of the FLSA on a collective basis, but it denies that there is any factual or legal basis for Plaintiff to proceed on a collective action basis. Defendant denies any allegation in this paragraph not specifically admitted.

85. Such persons are "similarly situated" with respect to Defendant's FLSA overtime violations, as to the collective group of employees identified above, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

**ANSWER:** Defendant denies the allegations in this paragraph.

86. Plaintiff and the members of the FLSA Collective, having willfully been not paid at least the federal overtime wage for the overtime hours they worked for Defendant pursuant to the common policies described herein, are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and the associated decisional law. *See* 29 U.S.C. § 207.

**ANSWER:** Defendant denies the allegations in this paragraph.

87. Plaintiff Clark and the members of the FLSA Collective are similarly situated because, among other reasons, Plaintiff Clark, as well as the members of the FLSA Collective, are owed approximately hundreds to thousands of overtime hours from working for Defendant and for Defendant's benefit for which they were not paid overtime compensation as a result of Defendant's failure to pay for all *beginning and end of shift job duties*, as well as a result of Defendant's time rounding and/or editing policies, and time manipulation practices in conformity with these policies, that led to less time paid than time worked.

**ANSWER:** Defendant denies the allegations in this paragraph.

24

88.     Plaintiff and the members of the FLSA Collective have been similarly affected by the FLSA overtime violations of Defendant in one or more workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal overtime wages owed.

**ANSWER:**     Defendant denies the allegations in this paragraph.

89.     Plaintiff and the members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Plaintiff Clark and the members of the FLSA Collective are similarly situated to each other in that they are all entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

**ANSWER:**     Defendant denies the allegations in this paragraph.

90.     Throughout her employment with Defendant, Plaintiff Clark was subjected to the same timekeeping and payroll policies and practices by Defendant that the members of the FLSA Collective were subjected to.

**ANSWER:**     Defendant denies the allegations in this paragraph.

91.     Plaintiff is similarly situated to the members of the FLSA Collective and will prosecute this action vigorously on their behalf.

**ANSWER:**     Defendant denies the allegations in this paragraph.

92.     Plaintiff is entitled to send notice to all potential members of the FLSA Collective pursuant to Section 216(b) of the FLSA. Identification of potential members of the FLSA Collective is readily available from the timekeeping and compensation records, including timekeeping and payroll data, maintained by Defendant. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA and decisional law.

**ANSWER:**     Defendant denies the allegations in this paragraph.

93.     Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b) – by Court order – is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

**ANSWER:**     Defendant denies the allegations in this paragraph.

94.     Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to potential members of the FLSA Collective is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of the statutory overtime wages.

**ANSWER:**     Defendant denies the allegations in this paragraph.

95.     The precise size and identity of the group of potential members of the FLSA Collective are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential members of the FLSA Collective consist of approximately one thousand or more persons.

**ANSWER:**     Defendant denies the allegations in this paragraph.

### PLAINTIFF'S OHIO CLASS ACTION ALLEGATIONS
### (As to COUNTS TWO, THREE, FOUR, and FIVE)

96.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 82, as if fully rewritten herein.

**ANSWER:**     Defendant incorporates its responses to the forgoing paragraphs as if fully set forth herein.

97.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and a group of employees of Defendant who assert claims under O.R.C. §§ 4111.03, 4111.10, 4113.15(A), and 2307.60, as well as Ohio common law unjust enrichment (referred to herein as the "State Law Class"), defined as:

> **All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees who worked remotely for Defendant in Ohio during the period of six years preceding the commencement of this action to the present.**[19]

**ANSWER:**     Defendant admits that Plaintiff purports to bring claims for alleged violations of the Ohio state law on a class action basis, but it denies that there is any factual or

---

[19] The applicable statute of limitations under O.R.C. § 2307.60 and Ohio common law unjust enrichment is six (6) years, and the applicable statute of limitations under O.R.C. §§ 4111.03, 4111.10, 4113.15(A) is two (2) years.

legal basis for Plaintiff to proceed on a class action basis. Defendant denies any allegation in this

paragraph not specifically admitted.

98. There are questions of law or fact common to the State Law Class, including, but not limited to:

Whether Defendant denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their overtime hours worked at the overtime rates required to be paid, as well as wages for their non-overtime hours worked but not paid;

Whether Defendant's denial of Plaintiff's and other members of the State Law Class's earned and owed compensation was a willful violation of federal and/or state law, entitling Plaintiff and other members of the State Law Class to liquidated, exemplary, punitive, and/or other damages pursuant to O.R.C. § 2307.60, O.R.C. § 4113.15, and/or common law unjust enrichment, as applicable;

Whether Defendant's retention of the wages earned by Plaintiff and other members of the State Law Class results in inequity; and

What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's failure to pay all compensation, including overtime and non-overtime compensation, owed when the wages were required to be paid.

**ANSWER:** Defendant denies the allegations in this paragraph.

99. Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other State Law Class members.

**ANSWER:** Defendant denies the allegations in this paragraph.

100. The State Law Class, outlined above, is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of approximately one thousand or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; Ohio Const. Art. II, § 34a.

**ANSWER:** Defendant denies the allegations in this paragraph.

101.    Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other State Law Class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

**ANSWER:**    Defendant denies the allegations in this paragraph.

102.    The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

**ANSWER:**    Defendant denies the allegations in this paragraph.

103.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring State Law Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many State Law Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**ANSWER:**    Defendant denies the allegations in this paragraph.

## COUNT ONE

104.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 95 as if fully rewritten herein.

**ANSWER:**    Defendant incorporates its responses to the forgoing paragraphs as if fully set forth herein.

105.    Plaintiff brings this claim for violation of the FLSA's provisions on behalf of herself and FLSA Collective Members, as previously defined.

**ANSWER:**    Defendant admits that Plaintiff purports to bring claims for alleged violations of the FLSA on a collective basis, but denies that there is any factual or legal basis for Plaintiff to proceed on a collective or class basis. Defendant denies it violated the FLSA in any manner. Defendant further denies any allegation in this paragraph not specifically admitted.

28

106.    The FLSA requires that non-exempt employees are entitled to overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

**ANSWER:**    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the FLSA speaks for itself.  Defendant denies any allegation in this paragraph not specifically admitted.

107.    Plaintiff and members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

**ANSWER:**    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that hourly, non-exempt employees are typically entitled to overtime at time and one-half their regular rates of pay for hours worked over 40 in a workweek. Defendant denies any allegation in this paragraph not specifically admitted.

108.    Defendant did not pay overtime compensation to Plaintiff and the members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours worked.

**ANSWER:**    Defendant denies the allegations in this paragraph.

109.    Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff and members of the FLSA Collective overtime compensation. Defendant's deliberate failure to pay all overtime compensation to Plaintiff and to the members of the FLSA Collective was neither reasonable, nor was the decision not to pay all overtime compensation made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

**ANSWER:**    Defendant denies the allegations in this paragraph.

110.     As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective members were injured in that they did not receive the full overtime wages due to them pursuant to the FLSA. Under 29 U.S.C. § 216(b), this entitles Plaintiff and the members of the FLSA Collective to the due overtime compensation as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**ANSWER:**     Defendant denies the allegations in this paragraph.

## COUNT TWO

111.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 82, and 96 through 103, as if fully rewritten herein.

**ANSWER:**     Defendant incorporates its responses to the forgoing paragraphs as if fully set forth herein.

112.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. §§ 4111.03, 4111.10, on behalf of herself and the members of the State Law Class, under the class action procedural requirements contained within Fed. R. Civ. P. 23, for the period of two (2) years preceding the commencement of this action to the present.

**ANSWER:**     Defendant admits that Plaintiff purports to bring claims for alleged violations of Ohio overtime compensation law on a classwide basis, but denies that there is any factual or legal basis for Plaintiff to proceed on a class basis and affirmatively avers that Plaintiff's class action allegations under this claim have been voluntarily dismissed. Hence, Defendant denies the allegations in this paragraph.

113.     At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. §§ 4111.03, 4111.10.

**ANSWER:**     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the cited statutes speak for themselves, and Defendant admits it is an employer. Defendant denies any allegation in this paragraph not specifically admitted.

30

114.    Ohio law requires that "an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act of 1938.'" O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

**ANSWER:**    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the cited statutes speak for themselves.  Defendant denies any allegation in this paragraph not specifically admitted.

115.    Ohio law also provides that employers who fail to pay overtime wages in accordance with O.R.C. § 4111.03 are liable to the "employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee by the employer, and for costs and reasonable attorney's fees as may be allowed by the court." O.R.C. § 4111.10.

**ANSWER:**    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the cited statutes speak for themselves.  Defendant denies any allegation in this paragraph not specifically admitted.

116.    While employed by Defendant, Plaintiff and the members of the State Law Class worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not fully paid overtime wages as outlined above.

**ANSWER:**    Defendant denies the allegations in this paragraph.

117.    Defendant's failure to compensate overtime hours, as set forth above, violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

**ANSWER:**    Defendant denies the allegations in this paragraph.

118.    As a result of Defendant's company-wide corporate policies and/or practices as described herein, Defendant failed to pay Plaintiff and the members of the State Law Class all overtime wages earned.

**ANSWER:**    Defendant denies the allegations in this paragraph.

31

119.    Defendant's repeated, knowing failures to pay overtime wages to Plaintiff and other members of the State Law Class were violations of the Ohio overtime law, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff and other members of the State Law Class are entitled. For Defendant's violations of Ohio overtime law, Plaintiff and the members of the State Law Class have suffered and continue to suffer damages.

**ANSWER:**    Defendant denies the allegations in this paragraph.

120.    These violations of Ohio law injured Plaintiff and the members of the State Law Class in that they did not receive wages due to them pursuant to Ohio overtime law, O.R.C. §§ 4111.03, 4111.10.

**ANSWER:**    Defendant denies the allegations in this paragraph.

121.    Having injured Plaintiff and the members of the State Law Class, Defendant is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] and for costs and reasonable attorney's fees as may be allowed by the court " under Ohio law. O.R.C. § 4111.10.

**ANSWER:**    Defendant denies the allegations in this paragraph.

## COUNT THREE

122.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 82, and 96 through 103, as if fully rewritten herein.

**ANSWER:**    Defendant incorporates its responses to the forgoing paragraphs as if fully

set forth herein.

123.    Plaintiff brings this claim for violation of Ohio law, O.R.C. § 4113.15(A), on behalf of herself and the members of the State Law Class for the period of two (2) years preceding the commencement of this action to the present.

**ANSWER:**    Defendant denies the allegations in this paragraph insofar as this claim has

been voluntarily dismissed.

124.    In Ohio, an employee can recover wages under O.R.C. § 4113.15(A) that were paid late for any reason.

**ANSWER:**    Defendant denies the allegations in this paragraph insofar as this claim has

been voluntarily dismissed and because the allegations in this paragraph are inaccurate.

32

125.   O.R.C. § 4113.15(A) required Defendant to pay "on or before the first day of each month … employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

**ANSWER:**   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the cited statute speaks for itself. Defendant further denies the allegations in this paragraph insofar as this claim has been voluntarily dismissed.

126.   As outlined above, Defendant did not, as required by O.R.C. § 4113.15(A), on or before the first day of each month, pay all wages earned by Plaintiff and the members of the State Law Class on or before the first day of each month, the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and did not, on or before the fifteenth day of each month, pay these employees the wages earned by them during the last half of the preceding calendar month.

**ANSWER:**   Defendant denies the allegations in this paragraph insofar as this claim has been voluntarily dismissed and because the allegations in this paragraph are false.

127.   Defendant's failure to timely pay Plaintiff and the members of the State Law Class all wages, including overtime and non-overtime wages, violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A).

**ANSWER:**   Defendant denies the allegations in this paragraph insofar as this claim has been voluntarily dismissed and because the allegations in this paragraph are false.

128.   Plaintiff's and the members of the State Law Class's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday in violation of O.R.C. § 4113.15. By its acts and omissions described in this Complaint, Defendant has violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A), and Plaintiff and the members of the State Law Class have been injured as a result.

**ANSWER:**   Defendant denies the allegations in this paragraph insofar as this claim has been voluntarily dismissed and because the allegations in this paragraph are false.

33

129.    Defendant's violations of Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A), injured Plaintiff and the members of the State Law Class in that they did not receive wages due to them in a timely fashion as required by Ohio law.

**ANSWER:**    Defendant denies the allegations in this paragraph insofar as this claim has been voluntarily dismissed and because the allegations in this paragraph are false.

130.    Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff, and the members of the State Law Class, all wages owed in a timely fashion as required by Ohio law. Defendant's deliberate failure to timely pay all compensation owed to Plaintiff, and the members of the State Law Class, was neither reasonable, nor was the decision not to pay in accordance with O.R.C. § 4113.15(A) made in good faith. By engaging in these practices, Defendant violated Ohio law and regulations that have the force of law.

**ANSWER:**    Defendant denies the allegations in this paragraph insofar as this claim has been voluntarily dismissed and because the allegations in this paragraph are false.

131.    As a result of Defendant's violation of Ohio law, Plaintiff and the members of the State Law Class are entitled to unpaid wages pursuant to O.R.C. § 4113.15(A).

**ANSWER:**    Defendant denies the allegations in this paragraph insofar as this claim has been voluntarily dismissed and because the allegations in this paragraph are false.

### COUNT FOUR

132.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 82, and 96 through 103, as if fully rewritten herein.

**ANSWER:**    Defendant incorporates its responses to the forgoing paragraphs as if fully set forth herein.

133.    Plaintiff brings this claim pursuant to Ohio's statue providing for Civil Violations for Criminal Acts, O.R.C. § 2307.60, on behalf of herself and the members of the State Law Class, for the period of six (6) years preceding the commencement of this action to the present.

**ANSWER:**    Defendant admits that Plaintiff purports to bring claims for alleged violations of Ohio law on a classwide basis, but denies that there is any factual or legal basis for Plaintiff to proceed on a class basis. Defendant also denies that it violated ORC 2307.60, and it

denies that the statute of limitations on such a claim is six years. Defendant further denies any allegation in this paragraph not specifically admitted.

134.    At all times relevant, Defendant was an entity covered by the FLSA, 29 U.S.C. § 201, *et seq.*, and Plaintiff and the members of the State Law Class have been employed by Defendant within the meaning of the FLSA.

**ANSWER:**    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the cited statute speaks for itself. Defendant admits that it employs Plaintiff. Defendant denies any allegation in this paragraph not specifically admitted.

135.    Defendant's failure to compensate overtime hours worked "at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one workweek" was a willful violation of the FLSA, 29 U.S.C. § 201, *et seq*. Defendant's failure to timely pay Plaintiff and the members of the State Law Class all overtime wages was a willful violation of the FLSA, 29 U.S.C. § 201, *et seq*.

**ANSWER:**    Defendant denies the allegations in this paragraph.

136.    By its acts and omissions described in this Complaint, Defendant has willfully [20] violated the FLSA, and Plaintiff and the members of the State Law Class have been injured as a result. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

**ANSWER:**    Defendant denies the allegations in this paragraph.

137.    Defendant's willful violations of federal law injured Plaintiff and the members of the State Law Class in that they did not receive wages due to them pursuant to these statutory and/or other laws and regulations.

**ANSWER:**    Defendant denies the allegations in this paragraph.

---

[20] 29 U.S.C. § 216(a) provides that "[a]ny person who willfully violates any of the provisions of section 215 of this title shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both."

138.  As a result of Defendant's willful violations of the FLSA, Plaintiff and the members of the State Law Class are entitled to exemplary and punitive damages pursuant to O.R.C. § 2307.60.

**ANSWER:**  Defendant denies the allegations in this paragraph.

## COUNT FIVE

139.  Plaintiff incorporates by reference the allegations of paragraphs 1 through 82, and 96 through 103, as if fully rewritten herein.

**ANSWER:**  Defendant incorporates its responses to the forgoing paragraphs as if fully set forth herein.

140.  Plaintiff brings this claim on behalf of herself and the State Law Class as a result of Defendant's suffering or permitting her and the State Law Class to work for their benefit and for not paying them non-overtime wages for all the time that they worked due to one of more of the pay policies/practices alleged above, under Ohio unjust enrichment common law, for the period of six (6) years preceding the commencement of this action to the present.

**ANSWER:**  Defendant admits that Plaintiff purports to bring claims for alleged violations of Ohio common law on a classwide basis, but denies that there is any factual or legal basis for Plaintiff to proceed on a collective or class basis. Defendant denies any allegations in this paragraph not specifically admitted.

141.  As hereinabove alleged, Plaintiff and the State Law Class Members conferred a benefit upon Defendant in that Defendant received a direct monetary benefit from employees by retaining wages Plaintiff and the State Law Class were entitled to be paid. However, Plaintiff and the State Law Class were not paid the hourly rates that they were entitled to be paid for all hourly work completed as a result of Defendant's pay policies/practices.

**ANSWER:**  Defendant denies the allegations in this paragraph.

142.  Defendant knew that it retained one or more benefits to the detriment of Plaintiff and the State Law Class in the form of unpaid wages, but nevertheless failed to pay them anyways.

**ANSWER:**  Defendant denies the allegations in this paragraph.

143.    Defendant has been unjustly enriched at the expense of Plaintiff and the State Law Class by the retention of hourly wages that were earned and that rightfully belong to Plaintiff and the State Law Class. Defendant was unjustly enriched in that it induced Plaintiff and the State Law Class to perform work for the benefit of Defendant and inequitably retained the benefit of this work without having paid for the same.

**ANSWER:**    Defendant denies the allegations in this paragraph.

144.    Allowing Defendant to retain the benefits provided by Plaintiff and the State Law Class – *free, unpaid labor*, including for all *beginning and end of shift job duties* – under the circumstances presented as outlined above, is demonstrably unjust. Defendant has retained the benefit of Plaintiff's and the State Law Class's services without compensating them, under circumstances in which it would be unjust and unconscionable to permit Defendant to do so.

**ANSWER:**    Defendant denies the allegations in this paragraph.

145.    As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and other members of the State Law Class have been damaged in an amount to be determined at trial, including but not limited to all time worked by Plaintiff and other members of the State Law Class but not paid by Defendant. As a result of Defendant having been unjustly enriched, Plaintiff and the State Law Class are entitled to compensation for the value of the benefit Plaintiff and the State Law Class conferred on Defendant.

**ANSWER:**    Defendant denies the allegations in this paragraph.

146.    Having injured Plaintiff and the State Law Class, Defendant is liable to Plaintiff and the State Law Class in the full amount of regular wages that remain unpaid, pre- and post-judgment interest as applicable, costs and reasonable attorney's fees as may be allowed by the Court, an award of damages representing Defendant's employers' share of FICA, FUTA, state employment insurance, and any other required employment taxes, and such other and further relief as provided under law.

**ANSWER:**    Defendant denies the allegations in this paragraph.

## **GENERAL DENIAL**

Any allegation in the Complaint that has not been expressly admitted is hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to a reasonable opportunity for further investigation and discovery, and without shifting the burden of proof on any issue for which Plaintiff bears that burden, Defendant alleges the following additional defenses:

1.      The Complaint fails in whole or in part to state a claim upon which relief can be granted.

2.      Plaintiff's purported claims are barred in whole or in part by applicable statutes of limitation. This defense may also apply to the purported claims of some or all of the potential members of the putative class Plaintiff purports to represent and any individuals who opt into any collective action that may be certified by the Court.

3.      The Complaint fails to state a cognizable class or collective under any applicable rule or law governing the maintenance of a collective or class action.

4.      The potential members of the putative FLSA collective Plaintiff purports to represent cannot proceed collectively under the FLSA because they are not similarly situated and there are no employees of Defendant who are similarly situated to Plaintiff, as that term is defined and/or interpreted under the FLSA.

5.      Certification of a class or collective action, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's procedural rights and right to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

6.      Plaintiff and the potential members of the putative classes and collective Plaintiff purports to represent were paid in accordance with the FLSA and state law.

7. The claims of Plaintiff, individuals who join any collective action that may be certified by the Court, and putative class members are barred, in whole or in part, to the extent the work they performed falls within the executive, administrative, and/or combination exemptions, exceptions, or exclusions recognized under Ohio law and expressly provided under the FLSA, 29 U.S.C. § 201, *et seq.*, including those exemptions contained in Section 13(a) and/or (b) of the FLSA, including the appropriate tacking of exemptions.

8. The claims of Plaintiff, individuals who join any collective action that may be certified by the Court, and putative class members are barred, in whole or in part, under the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, and similar state laws as to all hours during which they were engaged in activities that were preliminary or postliminary to their principal activities.

9. The claims of Plaintiff, individuals who join any collective action that may be certified by the Court, and putative class members are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with their compensation were taken in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

10. Assuming, *arguendo*, that Defendant violated any provision of the FLSA or Ohio law (which it did not), such violation was not pursuant to a uniform policy or plan and the alleged injuries were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendant.

11.      Defendant is entitled to offset any and all damage amounts recovered in this action, if any, by an amount equal to any overpayment of wages, payment of other compensation, or payment of overtime or other wages in excess of that required by the FLSA and/or Ohio law.

12.      Any alleged violations established by Plaintiff were not willful, knowing, or in reckless disregard for the provisions of the FLSA, Ohio law, or any other federal or state law.

13.      Defendant's alleged acts or omissions were undertaken in good faith, on reasonable grounds, and were justified, proper, and lawful.

14.      The claims asserted in the Complaint are barred, in whole or in part, to the extent they are inherently incompatible with and/or violate the Rules Enabling Act.

15.      Plaintiff's claims under Ohio law are barred to the extent they are preempted or otherwise barred or legally prohibited by Plaintiff's FLSA claims.

16.      The claims asserted in the Complaint are barred to the extent they seek double recovery of wages and penalties under both federal and state law.

17.      The claims asserted in the Complaint are barred in whole or in part by the doctrines of estoppel, laches, release, *in pari delicto*, ratification, unclean hands, accord and satisfaction, and/or waiver.

18.      This case cannot be tried on a representative or classwide basis consistent with due process because the use of representative evidence or statistical sampling could and/or would result in damages being awarded to those who have suffered no injury and have no legal right to damages.

19.      Plaintiff is not entitled to equitable relief insofar as she has an adequate remedy at law.

20.     Plaintiff, individuals who join any collective action that may be certified by the Court, and putative class members have been paid and/or received all wages due to them by virtue of their employment with Defendant.

21.     Defendant has not willfully failed to pay Plaintiff, individuals who join any collective action that may be certified by the Court, and putative class members any wages, and there is a bona fide, good faith dispute with respect to Defendant's obligation to pay any wages that may be found to be due.

22.     Plaintiff does not and cannot fairly and adequately represent the interests of the purported classes.

23.     The claims asserted in the Complaint are barred, in whole or in part, by failure to mitigate damages and the avoidable consequences doctrine, and Defendant is entitled to an offset to the extent of any damages that could have been avoided.

24.     The claims asserted in the Complaint are barred, in whole or in part, by the election of remedies doctrine.

25.     The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of *de minimis non curat lex*.

26.     The claims asserted in the Complaint are barred, in whole or in part, by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were taken in good faith and with reasonable grounds for believing that such acts or omissions were not a violation of the FLSA, Ohio law, or any other federal or state law.

27.     To the extent discovery reveals Plaintiff, individuals who join any collective action that may be certified by the Court, and putative class members have previously received compensation for alleged unpaid wages in connection with, or as a result of, a payment to

41

Defendant's employees supervised by the United States Department of Labor; a settlement payment from Defendant; or in connection with, or as a result of, a prior judicial action that was resolved through a court-approved settlement or judgment, Defendant hereby invokes the doctrine of waiver to bar the claims asserted in the Complaint.

28.     Plaintiff's claims that seek the imposition of multiple penalties, liquidated damages, and/or exemplary damages for the same basic wrongs are unconstitutional in that such relief violates the Due Process Clause of the United States Constitution.

29.     Plaintiff lacks standing to raise some or all of the claims of the alleged class and/or collective of persons whom Plaintiff purports to represent.

30.     In calculating overtime liability (if any), Defendant is entitled to exclusion of all elements of compensation that are excludable from an employee's regular rate for purposes of calculating overtime, including, but not limited to, those elements that fall within Section 7(e) of the FLSA, 29 U.S.C. § 207(e).

31.     The claims for wages asserted herein may be barred, in whole or in part, by payment or the receipt of other compensatory or overtime payments that may be credited against any wages due, as provided in Section 7(h) of the FLSA, 29 U.S.C. § 207(h).

32.     The claims of Plaintiff, individuals who join any collective action that may be certified by the Court, and putative class members are barred, in whole or in part, as to all hours they allegedly worked that Defendant did not suffer or permit them to work and/or of which Defendant lacked actual or constructive knowledge.

33.     Plaintiff is not entitled to the recovery of punitive or exemplary damages under the claims asserted in the Complaint.

34. Defendant reserves the right to assert any additional defenses it discovers during the course of litigation.

WHEREFORE, having fully answered Plaintiff Holley J. Clark's Class and Collective Action Complaint, Defendant prays for relief as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Defendant be awarded reasonable costs and attorneys' fees in defending this matter; and

3. For such other and further relief as this Court deems proper.

Dated: April 21, 2025                           Respectfully submitted,


                                                */s/ Timothy S. Anderson*
                                                Timothy S. Anderson, Bar No. 0071593
                                                tanderson@littler.com
                                                John W. Hofstetter, Bar No. 0087731
                                                jhofstetter@littler.com
                                                LITTLER MENDELSON, P.C.
                                                Key Tower
                                                127 Public Square, Suite 1600
                                                Cleveland, Ohio 44114-9612
                                                Telephone:    216.696.7600
                                                Facsimile:    216.696.2038

                                                Attorneys for Defendant,
                                                THE CLEVELAND CLINIC FOUNDATION

## CERTIFICATE OF SERVICE

I hereby certify that, on this 21st day of April, 2025, the foregoing has been filed via the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and parties may access the document through the Court's electronic filing system.

/s/ *Timothy S. Anderson*
An Attorney for Defendant